| 60 | 91 |
|----|----|
| 60 | 94 |
| 60 | 91 |
| 86 | 196 |

## AARON B. MINER v. RAYMOND O'HARROW.

*Common counts—Recovery under—Amendments—Contract—Sale of equitable interest sufficient consideration—Statute of frauds—Part performance—Deed given as security—Grantee liable for surplus realized on sale of property.*

1. An action will lie under the common counts for a sum agreed upon as due, if based upon a lawful consideration.

2. Where all the facts have been examined, and there is no reason to suppose a defendant has been misled concerning the issue, great liberality will be exercised in allowing necessary amendments.

3. The sale of an equitable interest is as good a foundation for a legal contract as any other consideration: *Holland v. Hoyt,* 14 Mich. 238.

**4. Plaintiff**, being the beneficial owner of a house and lot, caused the same to be conveyed by the holder of the legal title to defendant by a deed absolute on its face, but which was really given to secure a debt due from plaintiff to defendant. Plaintiff afterwards sold the property to defendant, and put him in possession. Defendant, after making partial payment of the purchase price, made default and plaintiff sued him in assumpsit, declaring on the common counts, for the balance due.

*Held*, that while plaintiff's interest in the mortgaged premises was such as could only be transferred, at law, by a written instrument, his delivery of possession in furtherance of the sale brought the transaction within the saving clause of the statute in regard to part performance, and defendant's conveyance of the property to a bona fide purchaser put an end to any redemption.

*Held*, further, that there was a sufficient consideration for defendant's agreement to pay the purchase price agreed upon; and that if the parol contract for such sale was invalid, defendant would be bound, as mortgagee, to restore any surplus received on the sale made by him of the property.

Error to Muskegon. (Russell, J.) Argued February 5, 1886. Decided February·10, 1886. °

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*C. C. Chamberlain*, for appellant:

Plaintiff sought to recover for the consideration money due upon an alleged parol contract of sale of an alleged equitable interest in lands, a contract not declared upon, and void by statute, had it ever existed : How. Stat. § 6181. The admission of parol evidence to establish a parol contract of sale of an interest in land, was erroneous : *Hayes v. Livingston*, 34 Mich. 384, and cases cited; *Rawdon v. Dodge*, 40 Mich. 697 ; *Nims v. Sherman*, 43 Mich. 45 ; *Sutton v. Rowley*, 44 Mich. 112 ; *First Nat. Bank of Kalamazoo v. McAllister*, 46 Mich. 397 ; no part of a void contract can be enforced : *Scott v. Bush*, 26 Mich. 418 ; *Id.*, 29 Mich. 523 ; *Whipple v. Parker*,29 Mich. 369.

*Cook, DeLong & Fellows*, for plaintiff :

Plaintiff's claim was admissible under the count upon an account stated and his bill of particulars. The claim was, that defendant agreed to give $2,500 for the property, and

let it remain as it is, to which plaintiff agreed; which made such price an account stated: *Gooding v. Hingston*, 20 Mich. 441; *Albrecht v. Gies*, 33 Mich. 391; *Graham v. Chubb*, 39 Mich. 418–19; *Am. Nat. Bank v. Bushey*, 45 Mich. 141; *Bull v. Brockway*, 48 Mich. 524. The bill of particulars was sufficient. It contained only one item for which a recovery was sought, viz.: "House and lot, $2,500.00," the price of which plaintiff claimed had been agreed upon. The purpose of the rules allowing bills of particulars to be demanded, is to enable a party to avoid surprise, not to enable him to make vexatious requirements: *Freehling v. Ketchum*, 39 Mich. 299; the real question is, does the law require the agreement for the sale of plaintiff's interest in the house and lot to be in writing, it having been executed by plaintiff by delivering possession to defendant, and by defendant's cutting off all rights of redemption by conveying to a third person, and afterwards paying part of the purchase price. As we understand the rule, a contract to sell land, though required to be in writing, when executed on one side by payment in whole or in part so that the purchaser cannot be placed in as good a position as at first, may be enforced.

CAMPBELL, C. J. Plaintiff sued defendant for the price of a house and lot sold, and not paid for, except in part. The transaction was had more than six years before suit brought; but, if valid, was kept alive by payments within that time. Some controversy, and apparently the most obstinate, arose out of the claim that such a cause of action could not arise under the common counts. But it is familiar doctrine that an action will lie, under the common counts, for a sum agreed upon as due, if based on lawful consideration. It is also settled that, where all the facts have been examined, and there is no reason to suppose a defendant has been misled concerning the issue, great liberality will be exercised to allow necessary amendments. In this case no such difficulty exists if the action lies at all.

The facts were, in brief, that Miner, who was the real and beneficial owner of a title held by a friend of his, procured a conveyance to be made, absolute in form, but in fact a mortgage, to secure defendant for a debt, and perhaps for some other liability. Such, at least, the jury must have found the facts to be. Some time thereafter, having an offer of $2,500

for the land, plaintiff so informed defendant, who told him he would like to take the land himself for that price, and so it was agreed he should have it. Plaintiff, as he gives testimony, having had possession, gave it up to defendant, who assumed it, and subsequently sold the land, to the person who had been in treaty with plaintiff, for a larger price. Plaintiff proved several payments on the price subsequently, which defendant disputes as not so made, but which the jury believed were.

The only question argued before us was confined to the admissibility of this parol arrangement under the declaration in assumpsit; defendant claiming the suit should have been in equity.

There is no doubt that the sale of an equitable interest is as good a foundation for a legal contract as any other consideration: *Holland v. Hoyt*, 14 Mich. 238. The interest owned by plaintiff in the mortgaged premises was such an interest in lands as could only be transferred at law by a written instrument. But, inasmuch as possession was delivered in furtherance of it, so that the contract was carried out by performance, the statute exception in regard to parol contracts partly performed comes in to aid it, and defendant's transfer to a bona fide purchaser put an end to any redemption. We think, therefore, that the agreement to pay was based on a sufficient consideration, and that the jury were properly allowed to pass upon it. It might also be suggested that, if the parol contract was not valid, defendant would be bound, as mortgagee, to restore any surplus received on his sale of the premises, and he would stand in no better position.

The judgment must be affirmed.

The other Justices concurred.