THE LEROY & CANEY VALLEY AIR-LINE RAILROAD
COMPANY *et al.* v. O. V. SMALL.

1. PRACTICE—*Amendment of Pleadings.* The allowing of amendments
to pleadings by the trial court is very largely within its discretion,
and so much so that it is very seldom that a reviewing court can say
that error has been committed in such cases. The reviewing court
cannot do so unless it can say that the trial court has abused its dis-
cretion.

2. CONTRACT—*Railroad Right-of-Way—Damages.* Where a railroad
company authorizes its contractors, employed by it to construct its
railroad, to procure the right-of-way for it, which they are to do at
their own expense, and the contractors, through their agent, in the
name of the railroad company, procure a right-of-way through the
plaintiff's premises by contract, and afterward, by reason of such
contract, procure only nominal damages to be assessed by the con-
demnation commissioners for such right-of-way, and this assess-
ment of damages is all done without the knowledge or consent of
the owner, and the railroad is constructed by the contractors and
afterward operated by the railroad company, but it fails to fulfill
the contract, *held,* that the owner may recover substantial damages
from the railroad company if it elects to retain the right-of-way.

*Error from Wilson District Court.*

THE opinion states the material facts. Judgment for the
plaintiff, *Small,* at the September term, 1888. The defendant
*Companies* bring the case here.

*C. S. Reed,* and *J. H. Richards,* for plaintiff in error; *C. E.
Benton,* of counsel.

*S. S. Kirkpatrick,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district
court of Wilson county by O. V. Small against the Leroy &
Caney Valley Air-Line Railroad Company and the Missouri
Pacific Railway Company, in which the plaintiff alleged, among
other things, that the defendants had constructed their railroad
across his land under a contract; that they had not fulfilled
their contract, but had committed a breach thereof; that they

had procured condemnation proceedings to be instituted and carried on to consummation without his knowledge, in which he was allowed only nominal damages; that he had received no compensation for his losses; and asked that the condemnation proceedings be set aside, and for general relief. The case was tried before the court without a jury, and judgment was rendered in favor of the plaintiff and against the defendants, that they should pay him the sum of $1,200 within 60 days or relinquish their right-of-way; or, if they should do neither, then that the plaintiff should recover of and from the defendants the sum of $1,200; and the defendants, as plaintiffs in error, bring the case to this court for review.

It appears from the pleadings and the evidence, among other things, that the Leroy & Caney Valley Air-Line Railroad Company was organized in 1885, for the purpose of constructing a line of railroad from a certain point in Wilson county to Elgin, in Chautauqua county. The company was composed entirely of persons living along the line of the proposed railroad. Some time afterward a committee was sent by the company to New York city, which, in pursuance of their authority, succeeded in procuring the Missouri Pacific Railway Company and one Warren H. Loss to enter into a written contract with this new company for the purpose of constructing this new line of railroad. By the terms of the contract Loss was the contractor to construct the railroad, and was also to procure the right-of-way for the railroad companies at his own expense. Afterward he assigned all his rights and interests under the contract to Simmons & Sidell, a partnership firm composed of James A. Simmons and Cornelius V. Sidell, who afterward constructed the railroad under the contract. Prior, however, to their construction of the railroad, they employed Isaac Hudson to procure the right-of-way through Wilson county. Commissioners were also appointed to procure the right-of-way through that county by virtue of condemnation proceedings. Hudson afterward, for the contractors and the railroad companies, entered into the contract sued on, which was and is a contract with the plain-

tiff Small and his wife for a right-of-way through Small's premises. Upon the face of this contract, Small and wife were the parties of the first part, and the Leroy & Caney Valley Air-Line Railroad Company was the party of the second part; and the right-of-way was procured for such railroad company. The contract, however, was not signed by either of the railroad companies, nor by Hudson, nor by the contractors, but only by Small and wife. The commissioners appointed to procure the right-of-way were instructed by Hudson, on account of said contract with Small and wife, to assess only nominal damages for the right-of-way through Small's land, and through other lands where similar contracts had been entered into between Hudson and the owners of the lands; and the commissioners in fact assessed only nominal damages for the right-of-way through Small's land, to wit, $1 for one quarter-section of land, $1 for a half quarter-section of land, and $80 for another half quarter-section of land, and nothing for the remainder. Small had no knowledge of this assessment until after it was too late to take an appeal, and therefore never took an appeal. The railroad was afterward constructed by the contractors, and is now operated by the railroad companies. The Leroy & Caney Valley Air-Line Railroad Company was and is the nominal owner thereof; but the Missouri Pacific Railway Company was and is the real owner thereof.

The first alleged error is the ruling of the court below refusing to strike from the files the plaintiff's amended petition. This amended petition had been filed upon leave of the court previously given, but it is claimed that it is a departure from the original petition. It is not such a departure, however, from the original petition as to make it objectionable; besides, the allowing of amendments to pleadings by the trial court is very largely within its discretion, and so much so that it is very seldom that a reviewing court can say that error has been committed in such cases. The reviewing court cannot do so unless it can say

1. Practice — amendment of pleading.

that the trial court has abused its discretion. We cannot say so in this case.

There are various other complaints made concerning the various rulings of the court below, but they do not require any separate or special consideration. Grouping the most of them together, we think they amount substantially to this: It is claimed that, as the contract with Small and wife for the right-of-way through his premises was not signed by either of the railroad companies, nor filed for record in tne office of the register of deeds, nor made by any direct agent of either of the railroad companies, but only by an agent of the contractors, it cannot affect any of their rights or interests in the least. It was alleged, however, in the plaintiff's petition that the contract was executed between the plaintiff, Small, and the Leroy & Caney Valley Air-Line Railroad Company, and this allegation was not denied by anyone under oath, and therefore it must be taken as true. (Civil Code, § 108.) Besides, the argument proves too much; for if Hudson and the contractors had no authority to procure the right-of-way for the railroad companies by any direct contract with the owner of the land through which the railroad was constructed, then Hudson and the contractors would have no authority to procure the right-of-way in any other manner for the railroad companies; and as the whole of the right-of-way through Small's land and through all the other lands in Wilson county was procured only through the intervention of Hudson and the contractors, the railroad companies would not have and have not any right-of-way through the plaintiff Small's lands, or through any other person's lands. The evidence shows that Hudson and the contractors did everything in procuring the right-of-way — that procured by virtue of condemnation proceedings as well as that procured by contract. The contractors and Hudson were really the agents of the railroad companies to procure the right-of-way, and the railroad companies are bound by their agents' acts. And if they are so bound — that is, if they are bound by the acts of the contractors and Hudson in procuring their right-of-way — then the judgment of the court

below is correct. But if they are not so bound, still the judgment is correct; for if they are not bound, then they can take no benefits from the acts of Hudson and the contractors in procuring the right-of-way for the railroad companies, and in that event they have obtained no right-of-way through the plaintiff's (Small's) premises, neither by contract nor by condemnation proceedings; and as they have actually constructed

2. Contract— railroad right-of-way— damages.

their railroad through such premises and are now operating the same, they are still liable for the resulting damages, and this makes the judgment of the court below correct. We think it is correct upon the view that the railroad companies are bound by the acts of Hudson and the contractors. It cannot be possible that a railroad company, with its contractors and their agent, can, by the methods resorted to in the present case, procure a right-of-way through a man's land for nothing. Such is not the constitutional or statutory mode of procuring a right-of-way, and we do not think that it can be upheld.

We do not think that there is anything further in this case that requires consideration or comment.

The judgment of the court below will be affirmed.

All the Justices concurring.