[Filed June 24, 1891.]

## W. BALDOCK *v.* J. P. ATWOOD ET AL.

AMENDMENT OF PLEADINGS—DISCRETION OF TRIAL COURT.—While the power to permit an amendment of the pleadings is vested in the court below, it ought to be liberally exercised in furtherance of justice. The insertion of new or additional allegations in support of the claim made by the plaintiff, when the subject matter of the suit continues the same, is in the discretion of the trial court.

PAROL LICENSE—VALUABLE CONSIDERATION—EXECUTED CONTRACT.—When B paid to F a valuable consideration for the right to dig a ditch across F's land so as to flow water into Baldock slough, and B takes possession thereof, and cuts the ditch, and causes the water to flow through the same for many years, the contract is executed, and a purchaser from F takes with notice of B's interest, which is such that a court of equity will protect it.

PAROL CONTRACT—CHANGE OF SERVITUDE—PERFORMANCE—STATUTE OF FRAUDS.—When B had the right to flow water into Baldock slough, and defendants, wishing to fill up a part of said slough, agreed with B that if he would abandon said slough and the right to flow water therein, the defendants would give him the right-of-way on a section line through their land, and the defendants then caused said line to be surveyed and the line of said ditch marked with stakes, and the plaintiff accepted said offer and dug his ditch on the line marked by the defendants for that purpose, and abandoned the slough, which is filled up by the defendants, and the plaintiff continuously uses said new ditch for many years, the same amounts to an exchange of the plaintiff's rights to flow water through the slough for the right of way on the section line, and said contract, though existing in parol, being executed by both parties, is taken out of the operation of the statute of frauds.

Baker county: M. D. CLIFFORD, Judge.

Defendants appeal. Affirmed.

This cause was finally tried upon the second amended complaint, which was filed by leave of the court after the evidence was all taken, apparently to conform the pleadings to the facts proved. Said amended complaint alleges: That

at all times stated in complaint, plaintiff was a citizen of
the United States and over twenty-one years of age; that
ever since 1864 plaintiff has been the owner of certain real
estate in the complaint described, resided upon the same
continually, and used the same for stock raising and agri-
culture; that at the time of plaintiff's settlement in 1864
said lands were unoccupied public lands of the United
States; that at and ever since said time there flowed through
the lands of the plaintiff a natural watercourse now known
and called Baldock slough, which slough headed on a
natural watercourse called Powder river, in said county, at
a point about four and one-half miles from said lands of the
plaintiff at or near the corporate limits of Baker City, and
on lands now owned by the defendants, which lands are
particularly described, and that the lands now owned by
defendants at the time of plaintiff's settlement were unoc-
cupied public lands, and that said slough runs through the
lands of the defendants; that plaintiff's lands are dry and
arid in character, and that the use of water artificially
caused to flow over the same is required and necessary to
make said lands produce an agricultural crop; that in the
year 1865 the plaintiff appropriated of the water of said
Baldock slough, and used in irrigating crops on his said
lands by means of ditches from said slough, three hundred
inches of water; and at all proper times and seasons there-
after, continuously in each year and up to the present time,
the plaintiff has actually used three hundred inches of
water for the purpose of irrigating said lands, watering stock
and for domestic uses, and that he has remained in the
uninterrupted and peaceable use of the same up to the time
of committing the acts of the defendants hereinafter set
forth; that plaintiff's use and enjoyment of said water con-
tinued for twenty years next preceding the commencement
of this suit; that in furtherance of said appropriation of said
water and to obtain a larger supply thereof, plaintiff gave
notice in writing by filing the same in the office of the
county clerk of said Baker county, which notice is set out

in *haec verba* in the amended complaint and claims three thousand inches instead of three hundred; that when said notice was filed, the lands now owned by defendants were owned by one C. B. Fisher; that in 1869 the channel of said slough where it heads on Powder river became so obstructed from the effect of dams in the river and the acts of Chinese gardeners being on defendant's land above described that the natural capacity thereof was lessened and the amount of water theretofore appropriated and used by the plaintiff was prevented from flowing therein; and that for the purpose of allowing said water so appropriated by the plaintiff to flow down said slough to his lands, the plaintiff by and with the consent of said C. B. Fisher constructed a dam in the bed of said Powder river at a point near the original town site of Baker City, and cut and dug a ditch on the lands of said C. B. Fisher from said dam to said Baldock slough; and that by means of said ditch and dam and the water flowing through and flowing naturally in said slough the said three hundred inches of water appropriated by said plaintiff did flow down and through said slough to the lands of the plaintiff and were then used by him for agricultural and domestic purposes; that said appropriation by plaintiff of three hundred inches of water and the increase thereof made at the time of filing and recording said notice were each and all made and done prior to any other appropriation of the waters of Powder river or Baldock slough by any other person; that plaintiff is the owner of said three thousand inches of water so diverted and appropriated and entitled to have said waters flow down said slough to and upon plaintiff's lands, and to use the same thereon for irrigation, watering stock, and for domestic purposes; that said dam and ditch were owned and used by the plaintiff, peaceably, uninterruptedly, without hindrance from Fisher, and continuously from the year 1870 to the year 1881 for the purpose of conducting the water so appropriated and belonging to the plaintiff from said Powder river to Baldock slough; that in the year 1881, the defendants herein, being the

grantees of said C. B. Fisher, and the owners of the land whereon said ditch and dam were situated, so changed the channels of said Powder river and obstructed said ditch and slough that neither said ditch nor slough would carry the waters so appropriated by the plaintiff nor any amount of water whatsoever from said Powder river; that plaintiff by and with the consent of the defendants and at their suggestions and request, and in consideration of their reclaiming a large portion of their said lands for streets, agricultural and building purposes, then occupied and covered by said Baldock slough and ditch, changed the location of his said ditch and the point of diversion of his water from Powder river by placing a dam in the bed of said river at a point about three hundred feet above the dam last mentioned and by cutting a ditch along the south line of defendant's said lands connecting said river and Baldock slough, and defendants did thereupon fill up and reclaim the lands formerly covered by said ditch and slough channel upon their said lands; that since about the year 1881, at a point near where said three hundred inches of water are diverted from Powder river into said Baldock slough, the defendants have interfered with and interrupted the flow of said water in said ditch of the plaintiff and diverted the same from flowing into said ditch and slough, and did attempt thereby wrongfully, unlawfully and inequitably to appropriate said waters flowing in said ditch and slough to their own use and benefit, and have repeatedly since said time prevented him from using and enjoying his said water and water right to his damage in the sum of two thousand dollars; that on the seventeenth day of November, 1885, defendants again wrongfully entered upon said ditches and water right of the plaintiff and interfered with the waters of plaintiff flowing in said ditch and slough, and with a large force of employés and with picks and shovels began to divert said waters from said ditch and slough, and began to construct in said ditch and slough a dam of a permanent character, with the intent thereby and by means of said dam to pre-

vent any of the waters so appropriated by the plaintiff from flowing in and down said ditch or slough to his said lands, and wholly and forever to deprive the plaintiff of the use of the same; that defendants threaten to continue the construction of said dam in said ditch of the plaintiff and to entirely close up the same and to wholly and forever prevent said water or any part thereof from flowing through said ditch or dam, and defendants will, unless restrained, erect in said ditch at said point a permanent dam, and by said means divert all of said water from plaintiff's said lands that ought of right to flow through the same, all of which acts of the defendants are wrongful and will cause the plaintiff irreparable damage; that plaintiff's lands are of the value of three thousand dollars per annum for agricultural, stock and fruit-growing purposes, and said value is solely dependent on the use of said three thousand inches of water, and that without the use of said water said lands would be rendered entirely valueless, and plaintiff has no plain, speedy or adequate remedy at law; that plaintiff has sustained other damages by the said wrongful acts of defendants in the sum of one thousand dollars, and that they are wholly insolvent.

The defendants, after an ineffectual motion to strike out this complaint, answered the same denying most of the material allegations, and then allege that at the time of the alleged location of the water rights by the plaintiff, one C. B. Fisher owned the land where said alleged water right was located, and had on the thirteenth day of September, 1886, located a water right on Powder river for irrigating his said land; that said Fisher consented that plaintiff might have the use of a portion of his said land to cut a ditch and run water from said Powder river through the lands of said Fisher in irrigating his said land, and that said permission or license was not in writing and was without consideration; that afterwards the defendants and their grantors succeeded to all the rights of said Fisher to said land and water rights, and in the dam used for the same, by good and sufficient

deeds; that at the time of the purchase of said lands and water rights the defendants knew nothing of the license to the plaintiff by said Fisher; that afterwards, in the year 1881, the plaintiff expressly recognized the rights of the defendants in said land and agreed that the terms by which plaintiff should use the lands of the defendants to conduct water to such slough should be reduced to writing and signed by the parties, but plaintiff refused to sign said agreement when so made; that defendants have never agreed or consented that plaintiff should use their land for the purpose demanded by plaintiff except as the same might not interfere with defendants' rights in the premises; that defendants have been and are now willing that plaintiff have a ditch on their land to convey water to said slough as a favor so long as the same does not interfere with the defendants' proper and reasonable use of their water right, and all defendants' acts in relation to the use of said water have been reasonable and proper and in such manner as to accommodate the plaintiff as much as possible; that the ditch used by the plaintiff is now so constructed as to entirely deprive the defendants of their use of their said water right; that on or about July, 1881, defendants notified the plaintiff not to use the ditch cut by him on defendants' land and not to interfere with any property of defendants, and that plaintiff's use of said land under said Fisher was a mere license, and that the same was thereby revoked and long prior to any of the acts complained of by the plaintiff.

The reply denied the new matter in the answer, and then as a further defense thereto alleges that plaintiff paid Fisher a valuable consideration for the right to erect said dam on his land and to cut and maintain said ditch; and by way of charging the defendant with notice, the reply further alleges that said ditch and the water flowing therein were in plaintiff's possession and use at the time of the defendants' purchase, and were visible objects, and also that plaintiff paid Fisher a valuable consideration for the right to use his land for such purpose.

The court rendered a decree in favor of the plaintiff in accordance with his claim upon the trial, from which the defendants have appealed.

*T. C. Hyde,* and *Glenn O. Holman,* for Appellants.

*A. J. Lawrence,* for Respondent.

STRAHAN, C. J.—The first question made by the appellants is the action of the court below in allowing the plaintiff to file the second amended complaint. It is contended that it is such a departure from the cause of suit set up in the original and first amended complaint, that it is in no sense an amendment, but an original complaint, setting up an entirely new and distinct cause of suit. It is true it contains a number of allegations not found in either the original complaint or the first amended complaint, but this of itself is not sufficient to deprive the plaintiff of the right to amend upon leave of the court.

The amendment does not change the controversy. The suit still is in relation to the water alleged to have been appropriated by the plaintiff and his right to have it flow to and upon his land. This is the real gist of the suit. Any amendments of the pleadings which would further support this right might be permitted by the court in furtherance of justice; so also any amendment of the answer which tended to defeat the cause of suit set up by the plaintiff might be allowed the defendant on the like terms.

The power of amendment under the code ought to be liberally exercised in furtherance of justice. While the parties are in court they ought to be permitted to shape their pleadings in such form as they may be advised so as to present the real questions at issue, that the same may be determined with as little delay and expense as possible. Nothing is ever gained by turning a party out of court or compelling him to take a nonsuit on account of some defect in his pleading, not discovered perhaps until during the progress of the case, when an amendment could supply the

defect and the action or suit be brought to an early deter-
mination. The defendants did not request to take additional
evidence after the amendment, and it is not claimed that
they were in any way prejudiced on the merits by allowing
it. We therefore think the court below properly allowed
the amendment. (*Miner* v. *O'Harrow*, 60 Mich. 91; *U. S.* v.
*Am. Bell Tel. Co.* 39 Fed. Rep. 716; *Rogers* v. *Hodgson*, 46
Kan. 276; *Leroy etc. R. R. Co.* v. *Small*, 46 Kan. 300.)

It appears from the pleadings and evidence that the
plaintiff as early as 1862 appropriated and commenced to
use the water from Baldock slough for irrigating his land
and for domestic and stock purposes. This slough at that
time was connected with Powder river, and from one-third
to one-half of the water of said river flowed into it.
Although called a slough, it was to all intents and pur-
poses a natural watercourse. Some time thereafter the
channel of Powder river changed, either from natural or
artificial causes, so that the head of the slough ceased to
connect with said stream. Baldock then put a dam in said
river and cut a ditch again connecting the river and slough.
This ditch was cut through lands in the possession of one
C. B. Fisher and owned by him or else the legal title was
in the state. However that may be, Fisher subsequently
succeeded to the state's title and the defendants have
acquired whatever interest Fisher had in the premises.
The evidence tends to prove that Baldock paid Fisher a
valuable consideration for the right to cut said ditch. One
or two witnesses testify expressly to the fact, though the
circumstances and the price paid do not appear with as
much distinctness as they ought. Baldock slough was a
crooked, sluggish stream, and in some of its windings a lot
of Chinese gardeners established themselves and engaged
in gardening. For the purpose of raising the water high
enough so as to use it on their gardens, they threw willow
brush and other débris into the stream which obstructed
the flow of the water and interfered with the plaintiff's
supply.

The evidence further tends to prove that the defendants were desirous of filling up said slough and causing a ditch to be dug on the section line between sections 16 and 21, and for that purpose employed C. M. Foster, a surveyor, to ascertain the exact location of said line, and to mark the place where said ditch was to be dug, by the setting of stakes.  Soon after the stakes were set, Baldock with his men entered upon said premises with the consent of the defendants, as clearly appears by a preponderance of the evidence, and cut a ditch on the line marked out and designated by the defendants for that purpose.  This new channel was cut about the year 1880, and was thereafter continuously used by the plaintiff as the means of his water supply for his farm.  It followed the section line through the defendants' premises to where it connected with Baldock slough, through which the water was conveyed to the lower part of Baldock slough, and from there to plaintiff's farm, three miles or more from the head of the ditch.  A concise detail of all the facts would be too voluminous for this opinion.  It suffices to say, we think the evidence tends very strongly to prove that the plaintiff acquired of Fisher for a valuable consideration the right to cut through his land so as to continue his supply of water, if indeed he had not already acquired the right by prescription.

Whether he had such right, it is perhaps unnecessary for us to decide at this time.  Several reasons would incline us to hold that the change of the channel of Powder river under the circumstances detailed in the evidence did not deprive the plaintiff of the right to have the accustomed amount of water flow from the river into the slough, but if it did the plaintiff acquired the right of Fisher by contract and the payment of a valuable consideration therefor. This, followed by the digging of the ditch and the work and labor connected therewith, and the continuous possession thereof for a length of time sufficient to bar an entry, would give perfect legal title; but if any circumstances

XXI OR.—6.

were lacking to make the legal title perfect by adverse possession, the facts create a right so strong that no court of equity could fail to recognize and protect the interest thus acquired. When the defendants acquired Fisher's land, they took it with notice of the fact that Baldock's ditch was there and used by him to convey water into Baldock slough. They therefore took it with notice of Baldock's rights ·and subject to his interest, whatever it might be. This statement of the case is conclusive against the defendants' contention.

But if it were necessary to look further, the defense must fail for another reason. When the change was made and the present ditch cut on the line, and that part of Baldock slough abandoned by the plaintiff, it was at the special request of the defendants and for their interest and advantage. They wished to fill up that part of Baldock slough so as to make that part of their land available as an addition to Baker City. They employed the surveyor to survey and mark the line where the new ditch was to be cut, and under their direction the stakes were set on the exact line where the ditch now is. They were bound to know from the facts and circumstances in evidence that this ditch was for the permanent use of the water and not a mere temporary arrangement revocable at their pleasure. In legal effect the plaintiff exchanged his right to use the slough and the part of the ditch at its head for the right of way where the ditch now is. The defendants accepted the slough, and filled it and received whatever advantage that could accrue to their land by platting that part of it, so that a street now passes over what was once a part of Baldock slough. The plaintiff also took possession of the new line agreed upon for his ditch and has used it ever since. The plaintiff thus acquired the right of way where his ditch now is for a valuable consideration received by the defendants, and he cannot be disturbed in the possession and use of the same, and by the transaction the defendants extinguished the plaintiff's right in that part of the slough.

The defendants contend that the contracts with Fisher as well as with the defendants were within the statute of frauds, and therefore the plaintiff acquired no rights that can be recognized because the alleged contracts were not in writing. It may be conceded that each of such transactions was within the statute of frauds and void for that reason, if nothing else had been done, but they were followed by performance on both sides and were thus taken out of the operation of the statute according to well-settled equitable principles, and to allow the statute to be invoked under the circumstances would be to allow the grossest kind of fraud to be consummated under the protection of the statute.

The principle upon which the court below proceeded is affirmed, and a decree will be entered here in accordance with this opinion.