Argued October 12; decided November 9, 1896.

## DAVIS v. HANNON.

(46 Pac. 785.)

Amending Pleading During Trial—Discretion—Code, § 101.—In an action against an officer to recover damages for selling the property of plaintiff on an execution against another, where the answer merely denies plaintiff's ownership, it is within the discretion of the trial court, and is not a substantial change in the defense, under section 101 of Hill's Code, to permit defendant to amend during the trial by adding an allegation that plaintiff fraudulently took and held the property in question: *Foster* v. *Henderson, 29* Or. 210, cited and approved.

From Baker: Robert Eakin, Judge.

Action to recover the possession of certain personal property. The facts are fully set forth in the opinion. Defendant prevailed, and from a judgment against him plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the name of *King & Saxton,* with an oral argument by *Mr. Will R. King.*

For respondent there was a brief over the name of *Hyde & Packwood.*

Opinion by Mr. Chief Justice Moore.

This is an action by C. C. Davis to recover the value of personal property seized and sold upon execution. The plaintiff alleges that the defendant Hannon is the duly elected, qualified, and acting constable of Huntington Precinct in Baker County, and that the defendants Degel and Fifer are sureties on his official undertaking; that a judgment having been duly rendered in the justice's court of said precinct in favor of one W. J. Woods, and against R. D. Gorby and W. M. Gorby, partners as Gorby Brothers,

an execution was issued thereon, in pursuance of which Hannon, as constable, levied upon and sold the property in question, which was of the value of $500; that at the time of such levy plaintiff was the owner, and entitled to, and in the possession of, said property, and that by reason of such seizure and sale he had been damaged in the sum of $500, for which he demanded judgment.    The answer denied only the allegations of ownership, possession, and value of the property; but at the trial, after the plaintiff had testified that he was the owner and in the possession of the property at the time it was seized, and had introduced in evidence a bill of sale executed by said R. D. Gorby, evidencing the transfer of the title to him, the court, upon motion, over plaintiff's objection, granted the defendants leave to amend their anwser by adding thereto an allegation that the pretended sale was without consideration, and fraudulent as to the creditors of Gorby, and made with intent to hinder, delay, and defraud Woods, the plaintiff in said writ.    The reply having put in issue these allegations of new matter, trial was had, resulting in a verdict and judgment in favor of the defendants, from which the plaintiff appeals.

The only question presented for consideration is whether the court, at that stage of the case, possessed the power to allow the amendment complained of, for, if it had, the allowance of the motion was a matter within its discretion, which will not be reviewed on appeal unless it affirmatively appears that there was a plain abuse of such discretion, to the manifest injury of some substantial right of the appellant: *Henderson* v. *Morris*, 5 Or. 24; *Baldock* v. *Atwood*, 21 Or. 73 (26 Pac. 1058); *Garrison* v. *Goodale*, 23 Or. 307 (31 Pac. 709); *Foster* v. *Henderson*, 29 Or. 210 (45 Pac. 899).    Section 101, Hill's Code, as far as it applies to the question at issue, authorizes the trial court, in furtherance of justice, and upon such terms as may be proper, at

any time before the cause is submitted, to allow any pleading to be amended, when such amendment does not substantially change the cause of action or defense, by conforming the pleadings to the facts proved. The plaintiff would have to prove, under the issue made by the original answer, that he was the owner and entitled to the property in question, while the defendant might give in evidence any facts that tended to disprove such ownership and right of possession. The amended answer, however, conceded that the plaintiff was the owner, as against all persons except the creditors of Gorby, and as to them the defendants assumed the burden of proving that the plaintiff's title was fraudulent. Fraud having been alleged in the amended pleading, different evidence from that required under the original answer was necessary to establish it; and, while this may be the test of a new issue, the question arises, Did the amendment substantially change the defense? The original answer denied the plaintiff's title altogether, and, if the proof had sustained the defendants' theory, it would have defeated the action. The amended answer conceded that plaintiff had the evidence of title, but alleged that it was fraudulent as to the plaintiff in the execution under which the property was seized and sold, and, the proof having sustained this issue, plaintiff's title necessarily failed. In each instance plaintiff's title was attacked, and, while different evidence was demanded to sustain the allegation of fraud, we do not consider the amendment wrought a substantial change in the defense.

In Baldock v. Atwood, 21 Or. 73 (26 Pac. 1058), the plaintiff, after the evidence was all taken, by leave of court, filed a second amended complaint, containing a number of allegations not found in either the original or first amended complaint, and it was contended that the amendment was in effect the substitution of an original complaint, setting up a new and entirely different cause of

suit, but STRAHAN, C. J., in deciding the case, says: "The amendment does not change the controversy. The suit still is in relation to the water alleged to have been appropriated by the plaintiff, and his right to have it flow to and upon his land. This is the real gist of the suit. Any amendment of the pleadings which would further support this right might be permitted by the court in furtherance of justice; so, also, any amendment of the answer which tended to defeat the cause of suit set up by the plaintiff might be allowed the defendant on the like terms." The purpose of the amendment in the present case having been to conform the pleading to the facts proved, and such amendment not having substantially changed the defense, the power of the court, under the statute, to allow it is unquestioned. If the defendants, relying upon their belief that the title to the property in question was in Gorby, denied the allegations of plaintiff's ownership, and went to trial on that issue, during which they should ascertain that plaintiff had the evidence of title thereto, to have refused them leave to amend their answer on discovering that fact would seem like a denial of justice. The plaintiff did not ask for a continuance in consequence of the amendment, and from this it must be inferred that he thought he was prepared to meet the new issue. The court having the authority, and there being no abuse of discretion in allowing the amendment, it follows that the judgment is affirmed, and it is so ordered.

AFFIRMED.