Argued 25 November; decided 30 December, 1901.

## JESTER v. LIPMAN.

[67 Pac. 102.]

AMENDING PLEADINGS BEFORE TRIAL—DISCRETION.

1. Where plaintiff alleged that she was called to her employer's office, and accused of stealing articles from its store, and was arrested and confined for several hours, and compelled by threats and intimidation to admit her guilt and pay money, though she was innocent, permitting the plaintiff to strike out the allegation that she had admitted her guilt, after the issues were made up and the case called for trial, was a matter within the discretion of the court, and its ruling will not be disturbed on appeal, unless the discretion is shown to have been abused.

CONSPIRACY—EVIDENCE OF ACTS OF AGENTS AS RES GESTAE.

2. Where evidence has been received tending to support a charge that defendants procured the arrest of plaintiff in pursuance of a conspiracy to extort money from her, the acts and statements of the defendants and of the officers who made the arrest, done and said in the course of the arrest and resulting detention, are competent as part of the res gestae.

POSSESSION OF STOLEN PROPERTY—FELONIOUS INTENT.

3. In an action of damages for unlawfully charging plaintiff with larceny and causing her arrest on that charge, an instruction that if a skirt worn by plaintiff at the time of her arrest had been stolen, and had afterwards come into the possession of the plaintiff, and she was informed before being arrested that the skirt had been stolen, and she made no offer to return it, she was guilty of a felony, for which she could lawfully be arrested, was properly refused, as it omitted the element of felonious intent.*

From Multnomah: ALFRED F. SEARS, JR., Judge.

---

*See *State* v. *Hill*, 39 Or. 90.—REPORTER.

Action by Amelie Jester against Lipman, Wolfe & Co., Adolph Wolfe, and Isaac N. Lipman. From a judgment for plaintiff, defendants appeal.                AFFIRMED.

For appellants there was a brief over the name of *Cotton, Teal & Minor,* and *James Gleason,* with an oral argument by *Mr. Wirt Minor.*

For respondent there was a brief and oral argument by *Mr Henry E. McGinn.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

On March 31, 1899, the plaintiff, who for some time prior to the preceding January had been employed by the defendant corporation, but was not then in its service, was sent for by its managing officers, and upon her arrival at the store was accused of the crime of embezzlement. She persisted in denying the charge, when two police officers were called in, and she was taken to the police station. After being confined there for several hours, she was taken back to the store by the police officers, and, as she testified, compelled by the threats and intimidation of the defendants to deliver to them a gold watch chain, and to promise to pay them $100 for goods alleged to have been stolen by her from the store, although she was innocent of any crime, and so informed the defendants at the time. The pleadings are substantially the same as in the case of *Bingham* v. *Lipman,* 40 Or. 363 (67 Pac. 98), except that the complaint alleges that, after plaintiff returned to the store from the police station, she was compelled by threats and intimidation to, and did, ''admit the taking of certain articles of personal property from the storehouse of'' the defendant corporation, although such admission was untrue. Most of the questions arising here are the same as in the *Bingham Case,* and we shall notice only those not common to the two cases.

1. After the issues had been made up, and when the cause was called for trial, the court allowed the plaintiff, over the objection and exception of the defendants, to strike from her

complaint the allegation that she had admitted her guilt.
This was a matter within the sound discretion of the trial
court, and its rulings will not be disturbed on appeal, as no
abuse of discretion is shown: *Davis* v. *Hannon*, 30 Or. 192
(46 Pac. 785); *Talbot* v. *Garretson*, 31 Or. 256 (49 Pac. 978);
*Tillamook Dairy Assoc.* v. *Schermerhorn*, 31 Or. 308 (51 Pac.
438); *Koshland* v. *Fire Assoc.* 30 Or. 362 (49 Pac. 865);
*Farmers' Bank* v. *Saling*, 33 Or. 394 (54 Pac. 190). The
amendment was made before the trial began, and, if prejudi-
cial to the defendants, was at a time when their rights could,
and no doubt would, have been fully protected by a continu-
ance or otherwise, if a proper application had been made to
the court for that purpose.

2. It is next contended that the court erred in permitting
the plaintiff to show that she was arrested and taken to the
police station by direction of the defendants, and to state what
was said and done by her and others while there. The bill of
exceptions does not disclose the nature and character of this
testimony, but, assuming that sufficient appears to properly
present the question sought to be raised, the testimony was,
in our opinion, clearly competent. The police officers, as the
plaintiff asserted and gave evidence tending to show, were
acting for the defendants in pursuance of their design to
wrongfully and unlawfully extort money from her by accus-
ing her of the commission of a crime. What was said and done
in furtherance of this unlawful purpose was a part of the *res
gestae*, and competent evidence on the trial: *Blount* v. *State*,
49 Ala. 381; *State* v. *Grant*, 86 Iowa, 216 (53 N. W. 120).

Two or three days after the plaintiff's arrest, one F. R.
Graff, at the solicitation and request of the defendant corpora-
tion, called upon her to obtain security for the money which
it is alleged she had agreed and promised to pay defendants as
compensation for the goods alleged to have been stolen by her.
The bill of exceptions reveals that the plaintiff was permitted
to give the conversation in evidence, but does not set it out, in
substance or otherwise, so that the court is unable to determine
whether such permission was error or not.

3. The defendants gave evidence tending to show that, at the time of the interview of Lipman and Wolfe with the plaintiff on the 31st of March, she had in her possession a certain skirt, which had been previously stolen from the defendant. corporation, of which fact she was informed at the time, and thereafter requested the court to charge the jury that if they believed the skirt had been stolen and had afterward come into the possession of the plaintiff, and she was informed before the alleged arrest that the property was stolen, and did not return or offer to return it, she was guilty of a felony, for which she could be lawfully arrested. This instruction omits the essential element of every crime; that is, a felonious intent. Although the skirt may have been stolen, the mere fact that the plaintiff did not return or offer to return it after she was so informed would not make her guilty of a crime. To constitute the offense of receiving stolen goods, it must appear that the person so charged knew at the time of receiving them that they had been stolen, and they must have been received feloniously, or with the intent to secrete them from the owner, or in some other way defraud him of them: Rapalje, Larceny, § 311; 2 Bishop, Crim. Law, § 1138; *State* v. *Sweeten,* 75 Mo. App. 127; *State* v. *Caveness,* 78 N. C. 484. So that, within the statement of the instruction requested, the plaintiff could not have been guilty of the crime of receiving stolen property; and, without a felonious intent, she could not have been guilty of any crime.

The other matters presented in the argument are questions of fact, which were properly submitted to the jury, whose findings are conclusive on this appeal. The judgment is therefore affirmed.　　　　　　　　　　　　　　AFFIRMED.