Argued at Pendleton October 25, affirmed December 7, 1920, rehearing denied January 4, 1921.

## POPE *v.* MacDONALD.

(193 Pac. 831.)

**Appeal and Error—Technical Objections Considered from Technical Standpoint.**

1. Where objections urged on appeal are very technical and not of a character calculated, if applied, to promote justice, they are to be considered from a technical standpoint.

**Appeal and Error—Pleading—Court Properly Permitted Filing of Reply on Trial.**

2. Where plaintiff's attorney seasonably prepared a reply denying payment pleaded by defendant, and had it verified, but, not finding defendant's attorney in the city, put it by for future service and overlooked the matter until apprised of it by the opening statement of counsel at the trial, when he promptly asked leave to file it, court properly permitted it to be filed in view of Sections 102, 103, 107, Or. L.; the answer alleging payment and reply simply controverting such allegation, and not changing defense or cause of defense.

From Grant: Dalton Biggs, Judge.

In Banc.

The plaintiff brought this action to recover certain sums alleged to have been due upon a contract whereby defendant leased certain land and personal property from plaintiff. The complaint sets forth two causes of action, the first alleging that about November 1, 1912, defendant leased the described real property for a term of two years at the annual rental of $400; that about November 1, 1913, defendant paid to plaintiff the sum of $400, being the first year's rent; but that the second year's rent had not been paid, and that by reason thereof there remains due from defendant to plaintiff the sum of $400 with interest at 6 per cent, amounting in the aggregate to $519.94. The second cause of action sets forth *in haec verba* certain agreements whereby defendant leased from plaintiff a flock of sheep, the particulars of said lease being unimportant here. It is alleged that at the end of the period of said lease plaintiff and defendant had an accounting whereby it was ascertained that defendant was indebted to plaintiff on account of said lease in the sum of $2,022.50, which the defendant agreed to pay plaintiff forthwith; that no part of said sum had been paid; and that there was due thereon the sum of $2,598.54.

The answer admits the execution of the lease, but denies generally the rest of the allegations contained in the first cause of action. The answer to the second cause of action admits the execution of the lease of the flock of sheep, and contains a general denial of all the other allegations of the complaint. The following affirmative matter appears in the answer:

"Defendant further answering plaintiff's complaint alleges: that all the matters set forth in plaintiff's complaint are fully paid, satisfied and discharged."

Upon these pleadings the case was set down for trial, and after a jury had been drawn it was discovered that no reply was made to the plea of payment set up in the answer. Plaintiff, over defendant's objection, was then permitted to file a reply denying such plea. Thereupon and after the reply was filed, defendant's counsel moved the court for a directed verdict on the ground that there were "no issues formed by the pleadings, to be submitted to the jury, as the answer of the defendant alleges a payment of the matters alleged in the complaint and this new matter has not been denied by the plaintiff, and the same is admitted on account thereof." This motion was overruled, and the trial proceeded; resulting in a verdict for plaintiff for the amount claimed, whereupon defendant moved the court to set aside the verdict and for a judgment on the pleadings upon the same grounds as the previous motion. This also was overruled, and the court rendered judgment for plaintiff on the verdict. Thereafter the defendant moved for a new trial, specifying as ground thereof: (1) Error of the court in allowing the reply to be filed after the jury had been drawn and accepted to try the cause; and (2) because defendant was not prepared to try the cause or able to have witnesses on the issues joined after the plaintiff was permitted to file his reply, and was compelled to go to trial unprepared to meet said issues. There was no showing made as to the absence of witnesses or the materiality of their testimony. This motion was overruled, and defendant appeals, assigning substantially as error the ruling of the court permitting the reply to be filed, the overruling of defendant's motion for a directed verdict, the entering of judgment for plaintiff, and the overruling of defendant's motion for a new trial.                                    AFFIRMED.

For appellant there was a brief over the names of *Mr. George J. Cameron* and *Mr. J. E. Marks,* with an oral argument by *Mr. Cameron.*

For respondent there was a brief over the names of *Mr. A. D. Leedy* and *Mr. George H. Cattanach,* with an oral argument by *Mr. Leedy.*

McBRIDE, C. J.—1. The objections urged by defendant are very technical and not of a character calculated, if applied, to promote justice, and are therefore to be considered from a technical standpoint. The following provisions of the Code are deemed to be applicable to the controversy at bar:

"The court may, at any time before trial, in furtherance of justice, and upon such terms as may be proper, allow any pleading or proceeding to be amended by adding the name of a party, or other allegation material to the cause; and in like manner and for like reasons it may, at any time before the cause is submitted, allow such pleading or proceeding to be amended, by striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or when the amendment does not substantially change the cause of action or defense, by conforming the pleading or proceeding to the facts proved": Section 102, Or. L.

"The court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done after the time limited by this code, or by an order enlarge such time; and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect": Section 103, Or. L.

"The court shall, in every stage of an action, disregard any error or defect in the pleadings or pro-

ceedings which shall not affect the substantial rights of the adverse party'': Section 107, Or. L.

2. Section 102, Or. L., seems to contemplate chiefly amendments to correct pleadings or other papers then existing, and it may well be doubted whether it was intended to have application to a case where there was an entire absence of a pleading, but, assuming that it has such application, the filing of the reply after trial was begun is not prohibited by its terms or by any necessary implication, as the section permits such amendment to be made after trial begun, where it ''does not substantially change the cause of action or defense.''

Now, the causes of action here were for (1) rent due, and (2) upon an account stated. The reply did not change either of these. The defense was payment. The amendment did not change the defense or the ''cause of'' defense. It merely enlarged the right of plaintiff to introduce testimony upon the subject. This was the view taken by Mr. Justice MOORE in *Davis* v. *Hannon,* 30 Or. 192 (46 Pac. 785), which is a case in many respects similar to the present. To the contention that different evidence was required to sustain the defense after the amendment had been allowed during the trial, Mr. Justice MOORE answered:

''Fraud having been alleged in the amended pleading, different evidence from that required under the original answer was necessary to establish it; and, while this may be the test of a new issue, the question arises: Did the amendment substantially change the defense? The original answer denied the plaintiff's title altogether, and, if the proof had sustained the defendants' theory, it would have defeated the action. The amended answer conceded that plaintiff had the evidence of title, but alleged that it was fraudulent as to the plaintiff in the execution under

which the property was seized and sold, and, the proof having sustained this issue, plaintiff's title necessarily failed. In each instance plaintiff's title was attacked, and, while different evidence was demanded to sustain the allegation of fraud, we do not consider the amendment wrought a substantial change in the defense.''

See, also, the opinion of Mr. Chief Justice Strahan in *Baldock* v. *Atwood*, 21 Or. 73 (26 Pac. 1058).

In the opinion of the writer, the filing of the reply was not an ''amendment'' of anything, but a new pleading and governed by Section 103, Or. L. Under that section the plaintiff's right, subject to the sound discretion of the court, was ample to permit him to file the reply, under the circumstances. It is only when the negligence of a party has been extremely great, or where there is an absolute bar by the statute, that a party should be turned out of court or visited by an adverse judgment for a failure to comply technically with some rule of procedure. In the case at bar it appears that plaintiff's attorney had seasonably prepared a reply and had it verified, but, not finding defendant's attorney in the city, put it by for future service and overlooked the matter until apprised of it by the opening statement of counsel at the trial, when he promptly asked leave to file it, which was granted. This was clearly ''in furtherance of justice.''

There was no motion made by defendant for a continuance of the case, which would no doubt have been granted if it had appeared that there were necessary and material witnesses to the fact of payment, whom, relying on the absence of a reply, he had failed to have present. Defendant might reasonably have expected that when plaintiff discovered that he was in default for want of a reply he would apply to the

court for leave to file one. When the case was set down for trial, it was upon the theory that there was an issue of fact to be tried. When the jury was impaneled, it was upon the same theory, and if defendant chose to neglect the precaution to have witnesses in attendance to try out the only issue that could possibly arise in the case, and gamble upon the chance that the court would refuse to permit the plaintiff to correct what was a plain and palpable oversight, he should not complain when his well-laid plan of defense is frustrated.

The judgment is affirmed.

AFFIRMED.    REHEARING DENIED.