Argued September 24, remanded with instructions November 16, petition for rehearing denied December 22, 1970, petition for review denied January 26, 1971

IN THE MATTER OF THE ESTATE OF OLAF A. OLSON, DECEASED.

DECKARD, *Appellant, v.* NEWBERG ET AL, *Respondents.*

476 P2d 808

*F. P. Stager* and *Steve Anderson*, Salem, argued the cause and filed the briefs for appellant.

*Wallace P. Carson*, Salem, argued the cause for respondents. With him on the brief were Carson, Carson & Carson, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and BRANCHFIELD, Judges.

LANGTRY, J.

Petitioner appeals from dismissal of her petition seeking to be declared the sole heir of the decedent's estate. She had elected to stand on her third amended petition, to which a general demurrer was sustained.

Decedent made his will in 1944, stating, among other things:

"I Give to my daughter the sum of One Hundred Dollars ($100.00), Patricia Ann Olson, and to my wife Clara E. Olson, all the rest of my property * * * ."

Decedent's wife died April 22, 1967, and decedent May 28, 1967. He had made no alternative disposition of the bulk of his estate, which, as noted above, his will left to his wife who predeceased him.

The First National Bank of Oregon is administrator of the estate. The petition for probate of the will contained an allegation that Patricia Ann Olson (Deckard) was the foster daughter of the decedent. She petitioned the court for a determination of heirship, alleging that she was entitled to be the sole heir of the estate. She based her claim upon three alleged causes of suit: that she is a daughter of the decedent by (1) paternity, (2) agreement to adopt, or (3) estoppel. With reference to the latter two, she has not referred us to supporting Oregon law. *Malone v. Dixon*, 410

SW2d 278 (Tex Civ App 1967), *Pangarova v. Nichols,* 419 P2d 688 (Wyo 1966), and *Nielson v. Kammerer,* 128 Neb 57, 257 NW 534 (1934), cited by the petitioner, are of little aid. In Oregon, at all times involved in this case, adoption must have been effected by compliance with the statutory scheme and not by a private agreement. *Schultz v. First Nat. Bk. of Portland et al,* 220 Or 350, 348 P2d 22, 81 ALR 2d 1121 (1960), *Furgeson v. Jones,* 17 Or 204, 20 P 842, 11 AS 808, 3 LRA 620 (1888). We have not examined whether the rule of these cases may be relaxed under Oregon's new probate code, inasmuch as we must look at the law of Oregon as it existed at the time of decedent's death to decide the case at bar.

■ At that time there was no precise statute which provided for proving paternity by a written acknowledgement of the putative father. See ORS 109.070. It is possible to construe the language quoted above from decedent's will as such an acknowledgment. The present wording of ORS 112.105 (2) (b) and 109.060, together, may change this situation, but the effective date of Oregon's new probate code of which ORS ch 112 is a part, is July 1, 1970. Oregon Laws 1969, ch 591, § 306, p. 1222. We conclude that the trial court was correct in ruling that the second and third alleged causes of suit are defective and cannot be corrected.

With reference to the first cause of suit, the record discloses that the petitioner filed four petitions, each of which fell before a general demurrer. In the first, second, and third petitions she alleged, *inter alia,* that she had been referred to as decedent's daughter; that she had lived from earliest memory in decedent's home; that she had maintained a relationship of father and daughter with him, and in one that she "believes

that she is the daughter of the decedent." In Paragraph VIII of the third amended petition, she alleged:

> "* * * That the decedent and plaintiff's mother were acquaintances several years prior to the birth of plaintiff. That plaintiff resided with said decedent from the time when she was about three years old until she was married at age 24. That said decedent orally and in numerous writings over his signature, including but not limited to his will, during his lifetime identified plaintiff as his daughter. That plaintiff is the daughter of decedent and as such is entitled to the entire estate of decedent available for distribution."

Under the Oregon law we have briefly reviewed above, petitioner, to be determined an heir, must make allegations which, if proven, establish that she is the *natural* or the *adopted* daughter of the decedent. Four times in her pleadings she failed to make such allegations, and we think it probable that her failure to make such allegations was the reason the general demurrers were sustained. But the record on appeal does not tell us so. When counsel orally argued the case before this court, we specifically asked them if lack of such allegations was the reason the demurrer to the first cause of suit was sustained in the lower court. The answers were equivocal; each counsel leaning toward an interpretation that would support his position. Counsel for petitioner argued that the allegations in Paragraph VIII of the third amended petition would support a finding that petitioner is the natural daughter of decedent, but when asked he did not indicate whether petitioner wished to try to prove the relationship. The four demurrers in the file are general in nature and do not tell us whether the point which is the crux of this case was a point urged below by the defendant. Nothing else in the record answers that question. If the trial

court had enforced a rule such as those used in many judicial districts of this state we would not face our present dilemma:

"RULE 1.05  SPECIFICATION OF POINTS ON DEMURRER, MOTION, PETITION OR APPLICATION.

"(1)  *Statement in Support of Pleading.*

(a) An attorney interposing a demurrer, motion, petition or application shall subjoin thereto, serve and file a statement of the specific points and authorities upon which he relies for support. *The mere reference to a statute or case is not adequate compliance with this Rule.*" (Emphasis supplied.) Rules of the Circuit Court, State of Oregon, Fourth Judicial District, Portland, Oregon (October 1, 1965).

If we were to proceed upon the rule of *Windle, Adm'x et al v. Flinn et al*, 196 Or 654, 251 P2d 136 (1952), to the effect that petitioner is presumed to have stated her case as strongly as possible, we would construe against the pleader and affirm the trial court.

■ However, because the record before us is incomplete and we do not know whether the petitioner can, or desires to, verify a petition alleging that she is the *natural* daughter or the *adopted* daughter of the decedent, we are remanding the case to the trial court with instructions to allow petitioner 10 days after entry of mandate in which she may file a new petition with such direct allegations. If, in that time, she fails to file a new petition, or files one without such direct allegations, we instruct that a new order be entered dismissing petitioner's proceeding.

"The power of amendment under the code ought to be liberally exercised in furtherance of justice.

While the parties are in court they ought to be permitted to shape their pleadings in such form as they may be advised so as to present the real questions at issue, that the same may be determined with as little delay and expense as possible. Nothing is ever gained by turning a party out of court * * * when an amendment could supply the defect and the action or suit be brought to an early determination * * *." *Baldock v. Atwood et al,* 21 Or 73, 79-80, 26 P 1058 (1891).

Remanded with instructions.