[Argued March 29; decided April 24, 1894.]

## COOK *v.* CROISAN.

[S. C. 36 Pac. 532.]

AMENDMENT TO CONFORM PLEADINGS TO FACTS PROVED.— Where evidence is received without objection as to material matters not set up in the pleadings, a refusal of leave to amend so as to conform the pleadings to the real issue tried is reversible error.

APPEAL from Marion: GEO. H. BURNETT, Judge.

This action was brought by Jesse T. Cook and others against E. M. Croisan to recover the value of certain personal property which the defendant, as sheriff, seized and sold under an execution. The defendant denied that plaintiffs, or either of them, owned such property, or any part thereof, the value of each item as alleged, etc., but alleged that he took the same, and sold it at public auction, under an execution as provided by law, and that it brought the sum specified, and no more. It appears from the bill of exceptions that the plaintiffs, to sustain the issues on their part, introduced evidence tending to show that they were the owners of two thirds of the property in controversy, and that the defendant sold not only the interest of Joseph F. Cook, but that of plaintiffs also; while the defendant, to sustain the issues on his side, introduced evidence tending to show that he only levied upon and sold the interest of the execution debtor, Joseph F. Cook, in the property in question. It also appears that during the progress of the trial, while one of the attorneys for the defendant was engaged in addressing the jury, the court, after an inspection of the pleadings, discovered that the question which they were litigating, namely, whether or not the defendant sold the whole of such property, was not raised by the answer, whereupon the defendant, by

his counsel, requested leave to amend his answer so that it would conform to the facts proved. A motion to that effect having been filed, the court overruled the same, and, after argument of counsel had been concluded, instructed the jury that it was not disputed by the pleadings that the defendant had sold the whole of such property at the execution sale. Upon this state of the case, the jury returned a verdict in favor of the plaintiffs, and from the judgment which was subsequently rendered thereon, this appeal is brought.

REVERSED.

*Messrs. Tilmon Ford* and *William M. Kaiser,* for Appellant.

*Messrs. Bonham & Holmes,* for Respondents.

Opinion by MR. CHIEF JUSTICE LORD.

We think the amendment ought to have been allowed, as it was clearly one the court was authorized to make. When the parties proceed with a trial, and evidence is received without objection, supporting material matters which are not set out in the pleadings, the court may permit the pleadings to be amended to conform with the proofs. In *Flanders* v. *Cottrell,* 36 Wis. 564, it was alleged in the complaint that Noonan sold the press to Amberg & Co. for the defendants, and at their request, and no other or different cause of action was stated. This allegation was entirely unproved, but the question litigated was not whether Noonan sold the press, but whether he was instrumental in enabling the defendants to sell it. The court say: "This question was sharply litigated; much testimony in respect to it was given by both parties; and it was submitted to the jury as the controlling question of fact in the case. All this was done without

objection by either party.    *    *    *    Under these circumstances, it is too well settled to admit of doubt or controversy that the pleadings may at any time be amended to conform with the issue really tried, or the variance may be wholly disregarded." The practice of allowing amendments liberally, so as to enable the parties, while in court, to have their differences settled and determined, has been uniformly approved and encouraged by the courts. This is especially so when leave to amend is asked for by a defendant. In the case at bar, the amendment, if allowed by the court, would have conformed the pleadings to the real issues between the parties, and upon which they had submitted their evidence without objection for the consideration and decision of the jury. The proposed amendments would not change the controversy between the parties, and could not take either by surprise. It seems to us, therefore, when the evidence had been submitted upon such an issue without objection, that substantial justice to both parties required that the amendment should be allowed, and the jury permitted to consider such evidence, and to determine the real merits of the controversy. It is true that the granting or refusing an application to amend is addressed to the discretion of the trial court, and is generally reviewable only for the purpose of determining whether there has been an abuse of such discretion. But, as STRAHAN, J., said, "when a party comes into court in good faith, with his action or suit, he should not be turned out on account of a technicality or mistake which an amendment would obviate, when it will do no substantial injury to the opposite party." The power of the court to allow amendments is not entirely discretionary; it is granted to advance justice, and should be exercised liberally in proper cases. The parties in this case were before the court, and introduced their evidence upon the

real point in controversy between them, without objection. Under such circumstances, when the trial court refused to allow the defendant to amend his answer so as to conform to the facts proved and litigated, thereby excluding such evidence from the consideration of the jury, its action injuriously affected the substantial rights of the defendant, and constituted reversible error. As a consequence, the judgment must be reversed and a new trial ordered.       REVERSED.