Argued January 23, affirmed March 19, 1929.

DOROTHY DAVIS *v.* H. A. SPRINGER.

(275 Pac. 600.)

For appellant there was a brief over the names of *Messrs. Burnett Bros.* and *Mr. Chester A. Sheppard* with an oral argument by *Mr. Wendell K. Phillips.*

For respondent there was a brief over the names of *Messrs. Davis & Harris* and *Mr. Glenn Y. Wells* with an oral argument by *Mr. Paul R. Harris.*

RAND, J.—Plaintiff, a pedestrian, while crossing a public street intersection in the City of Portland, was knocked down and run over by defendant's truck while it was being operated by a servant of defendant. She brought this action to recover damages for the injuries sustained and, from a judgment in her favor, defendant has appealed.

The first assignment of error is that the court erred in granting plaintiff's application to amend her complaint while the cause was being tried. During the trial, plaintiff offered evidence tending to prove the amount she had earned per month prior to the

accident by giving dancing lessons and musical instruction, and working for Meier & Frank Company as a saleswoman. This evidence was objected to as not within the issues and, before the court ruled thereon, plaintiff moved the court for leave to amend the complaint by interlineation. The application was granted and defendant then moved for a continuance on the ground of surprise. His motion was overruled and an exception taken to both rulings. Before amendment, one of the allegations of the complaint was that, prior to the accident,

"plaintiff was strong and capable of working and following classical dancing, and following her pleasures and pursuits of life, without mental or physical handicap, but since said accident, and by reason thereof, caused by the carelessness and negligence of defendant, this plaintiff has been unable to carry on her pursuits of happiness, or work, without great physical pain, and plaintiff's earning capacity has been and will be destroyed for a long period of time in the future, and by reason of the injuries sustained by plaintiff, as hereinafter alleged, plaintiff's earning capacity will be impaired for the remainder of her natural life, and her injuries are permanent."

The amendment complained of was the insertion by plaintiff after the word "dancing," in the paragraph above quoted, of the words:

"and instructor and teacher of banjo and ukelele for profit, and earned $140 per month prior to said accident as an average wage and salary."

The authority of the trial court to permit a pleading to be amended after the commencement of the trial and before it is finally submitted is conferred by Section 102, Or. L. The effect and meaning of the statute have received the consideration of this court in numerous cases and it would seem that the

power of the court to permit amendments and the limitation upon such power are now thoroughly settled in this state by the former decisions of this court. Among the decisions which we think are controlling here are *Baldock* v. *Atwood,* 21 Or. 73 (26 Pac. 1058); *Cook* v. *Croisan,* 25 Or. 475 (36 Pac. 532); *Davis* v. *Hannon,* 30 Or. 192 (46 Pac. 785); *Talbot* v. *Garretson,* 31 Or. 256 (49 Pac. 978), and by the later decisions of this court where the doctrine announced in those cases has been followed.

It was held in the Baldock case that while parties are in court they should be permitted to shape their pleadings so as to present the real questions at issue and to have the litigation determined with as little delay and expense as possible, and that they ought not to be turned out of court without a trial of the matters in litigation because of some defect in the pleading not discovered until during the progress of the case where, by an amendment, the defect could be supplied and the action or suit be brought to an early determination.

In the Cook case it was held in an opinion written by Mr. Chief Justice LORD that the practice of allowing amendments liberally so as to enable the parties while in court to have their differences settled and determined has been uniformly approved and encouraged by the courts where the proposed amendments did not change the controversy between the parties and could not take either by surprise, and that the granting or refusing of an application to amend is addressed to the discretion of the trial court and, generally, is reviewable only for the purpose of determining whether there has been an abuse of such discretion, but that this power is not entirely

discretionary but is granted to advance justice and should be exercised liberally in proper cases.

In the Davis case it seems to have been held that the test of the right of a litigant to amend his pleadings was whether the proposed amendment substantially changed the cause of action or defense and that, in the exercise of its discretion in granting or refusing an application to amend, the action of the court will not be reviewed on appeal unless it affirmatively appears that there was a plain abuse of such discretion to the manifest injury of some substantial right of the appellant.

In the Talbot case it was held that, under Section 102, Or. L., a new cause of action cannot be inserted by way of amendment on the trial or a different cause of action be substituted for the one sued on.

1. The rule deducible from these authorities, we think, is that at any stage of the proceeding the court, in the exercise of its judicial discretion, may permit any pleading to be amended if the amendment does not bring a new cause of action or suit or substitute another and different cause of action or suit for the one sued on or so substantially change the issues of the cause of action or suit as to take the other party by surprise as to matters of which he had no notice and could not be prepared to meet.

2-6. Loss or impairment of earning capacity arising from a physical injury, when shown to exist, has always been regarded as an element of damage in actions brought to recover for such injury. To be recoverable in the action, the loss or impairment must, of course, be alleged and, if shown to exist as a result of the injury complained of, it is a natural and necessary consequence of the injury and, as such,

is recoverable as general damages. It is settled law in this state that general damages are recoverable under proper averments in the complaint of plaintiff's pecuniary loss without stating their particular nature: *Dose* v. *Tooze*, 37 Or. 13 (60 Pac. 380); *Feeney & Bremer Co.* v. *Stone*, 89 Or. 360, 379 (171 Pac. 569, 174 Pac. 152). Since general damages are the natural and necessary consequence of the wrong complained of, it is only necessary that the pleader should allege the result of the injury in a general way. The particulars in respect to which the plaintiff has suffered need not be pointed out. See 1 Chit. Pl. 396; Bliss on Code Pleading (3 ed.), §§ 297a and 297b; 4 Sedgwick on Damages (9 ed.), § 1261. Therefore, in alleging general damages, the pleader is not required to segregate or apportion the amount claimed for the separate elements of damage alleged in the complaint and he is not obliged to allege the separate amount claimed for each element of general damage, such as pain, impaired earning capacity, or any like element of general damage and is only required to allege generally the amount claimed as compensation for all of the elements of damage alleged in his pleading as the basis of his damage.

In *Sigel* v. *Portland Ry., L. & P. Co.*, 67 Or. 285 (135 Pac. 866), it was held that a claim for damages for impaired capacity is not a claim for special damages and need not be specially pleaded.

7–9. It will be noted that it was alleged in the complaint before the amendment was made, and that the allegation was not changed by the amendment, that as a result of the accident "plaintiff's earning capacity has been and will be destroyed for a long

period of time in the future'' and ''will be impaired for the remainder of her natural life,'' and that this fact was not alleged as the basis for special damages but was alleged as an element of general damages. Under such allegation, the persons for whom she had worked and the amounts which she had earned for several years prior to the time of her injury were matters of evidence only and as such should not have been pleaded. Evidence to show such impairment and the extent and amount of the loss sustained was admissible under the allegation that her earning capacity had been impaired without any necessity for the amendment of the complaint and this evidence was not made admissible by reason of the amendment and hence the amendment did not affect any substantial right of the defendant and, therefore, can afford no ground for complaint. But even if this evidence had not been admissible until after the amendment had been made, it would not have been error for the court to have granted the application to amend for it did not substitute another and different cause of action for the one set up in the complaint, or bring a new cause of action or make any substantial change in the cause of action set up in the complaint as originally drawn.

10. The second point urged by defendant is that the evidence of plaintiff's contributory negligence was so plain and palpable that reasonable men could reach no other conclusion than that plaintiff was guilty of contributory negligence, and, for that reason, it became a question of law for the court and, therefore, the court should have granted defendant's motion for an involuntary nonsuit against plaintiff. Without referring to the evidence itself, it is only necessary to

say that there was a conflict of evidence upon that question making it a question for the jury and, for that reason, it would have been error for the court to have sustained defendant's motion for a nonsuit.

11, 12. It is also contended that the verdict was the result of sympathy, bias and prejudice of the jury and that there was not sufficient evidence upon which to base the verdict. The evidence showed that plaintiff had sustained a very substantial injury and there was evidence which, if believed by the jury, was sufficient to establish defendant's negligence. The amount of the verdict was $15,000 and there is nothing in the record to show any misconduct upon the part of the jury or any error of the court sufficient to reverse the judgment. Defendant's own servant, the driver of the truck, testified: "I saw the woman approaching. She attempted to stop, or at least tried to stop, and I thought I had the right of way so I stepped on it. Just as I stepped on it, she got in front of the truck." What implications should be drawn from this testimony of defendant's own servant were inferences which the jury alone has a right to decide. How far this particular testimony may have affected the jury we are unable to say but from the whole record in the case there was sufficient evidence to warrant the jury in returning the verdict for the amount awarded.

Finding no error in the record, the judgment appealed from must be affirmed.          AFFIRMED.

McBRIDE, BEAN and ROSSMAN, JJ., concur.