Argued October 5; affirmed November 9, 1948

## KINNEY *v.* SNYDER AND WEBB

198 P. (2d) 983

*Labadie, Stockman & Williams,* of Portland, filed a brief for appellant.

*D. T. Bayly,* of Eugene, argued the cause and filed a brief for respondent.

Before Rossman, Chief Justice, and Belt, Bailey and Brand, Justices.

BELT, J.

In this action plaintiff seeks recovery on account of the alleged payment by him, at the special instance and request of the defendant Webb, of certain bills for rental, telephone service, material and supplies incurred by said defendant, or which he assumed and agreed to pay, aggregating the sum of $5,500.68. The bills in question, which are set forth in detail in the amended and supplemental complaint, resulted from a house-building project in Lane county, Oregon, in which the parties hereto were engaged. It is alleged by plaintiff—and admitted in the answer of the defendant Webb—that the latter paid to plaintiff the sum of $1,836.95 on account after the commencement of the action. Otherwise, the answer is a general denial. On motion of the plaintiff, a judgment of voluntary nonsuit was entered as to the defendant Snyder, doing business as the Ace Construction Company. The cause was submitted to a jury and a verdict returned against Webb for $2,730.36. Webb, who tried this cause without the aid of counsel, appeals. A brief on appeal was filed on behalf of the defendant Webb, but no appearance was made by him or by counsel in his behalf when the cause was heard here on oral argument.

In view of the assignments of error, a brief statement of the facts will suffice. On July 1, 1946, a written contract was entered into between the plaintiff, doing business as the Oregon Settlement Association, and J. O. Adams, known as the First Party, and defendant F. G. Snyder, doing business as the Ace Construction Company, known as the Second Party, whereby Second Party agreed to construct approximately 600 houses on 400 acres of land owned by the First Party. The contract, in so far as material herein, provided that the Second Party would not permit any liens or encumbrances on the property that would jeopardize the interests of the First Party. Pursuant to the terms of the contract, Snyder entered into possession and commenced construction of the houses upon the property.

On July 22, 1946, a written contract was entered into between Fred G. Snyder, Harry A. Lundgren and Ervin T. Ellis, doing business as the Ace Construction Company, designated as First Parties, and the defendant John C. Webb, called Second Party, whereby, among other things, Webb was to "assist in procuring finances for the purpose of carrying on a building program contemplated by First Parties." Under this contract, First Parties were to furnish all labor and materials necessary to complete the work in accordance with the plans and specifications furnished by Webb. Webb agreed to "lend (his) credit and services in securing construction loans necessary to adequately finance the project and expedite the construction of the housing project." Webb also had the authority, among other things, under the contract, to determine the sales price of the houses when completed and was to receive seventy per cent of the net profits. In brief, Webb became a party to a joint enterprise.

On October 14, 1946, the defendant Snyder, by written instrument, sold and assigned to the defendant Webb all his right, title and interest in the contract executed by Snyder and the plaintiff on July 1, 1946. In this assignment, Webb, by his written acceptance thereof, agreed to perform all of the obligations of Snyder under the terms of the contract, including the one providing that no liens or encumbrances would be permitted to be filed on the property. On the day following this assignment, plaintiff and Adams entered into a written contract with Webb on substantially the same terms and conditions as expressed in the contract entered into between the plaintiff and Snyder on July 1, 1946.

As near as we can ascertain from the record, the real issue in the case is whether the payment of the debts in question was authorized by the defendant Webb. It is the contention of the defendant that plaintiff was not authorized to pay the bills and that he was a mere volunteer.

■ Error is assigned because of the failure of the court to allow the defendant Webb ten days within which time to file an amended answer. This motion was based on the affidavit of defendant Webb, wherein he averred that he had other defenses, "such as accord and satisfaction," which could not be urged under his general denial, and that he had a valid and subsisting counter claim. This motion to amend was filed on the same day that the cause was set for hearing, namely, on the 28th day of July, 1947. This action was commenced February 10, 1947, and the answer to the amended and supplemental complaint was filed May 24, 1947. No answer alleging any affirmative defense was proffered at the time Webb sought permission to

amend his pleading. Clearly, the circuit court did not abuse its discretion in refusing to allow the amendment. No case cited by appellant holds to the contrary.

■ We are not unmindful of the well established rule that the courts are liberal in granting leave to amend in furtherance of justice. In the instant case, however, we think that the defendant Webb was asking for a continuance rather than permission to file an amended pleading. If there was any evidence to support the plea of accord and satisfaction, the defendant must have known of it at the time of filing his answer in May. If he was not aware at that time that accord and satisfaction could not be shown under the plea of general denial, the moral is that he should have secured the services of a lawyer.

The second assignment of error is thus stated:

"The Court's conduct throughout the entire trial in the presence of the jury as set out in the Bill of Exceptions and Transcript of Testimony of the Defendant-Appellant John C. Webb was such as to preclude Defendant-Appellant from having a fair trial and to give the inference to the jury that the Court did not believe the Defendant-Appellant and to discredit before the jury the Defendant-Appellant's testimony, together with the testimony of his witnesses."

■ This assignment fails to comply with Rule 13 of the Supreme Court. Appellant should have set forth what the court said or did that was prejudicial, but not his conclusions about the conduct of the court. Notwithstanding this failure to comply with the Rules, we have carefully examined the record and are convinced that defendant Webb had a fair trial. There is substantial evidence to support the allegations of the amended and

supplemental complaint. Appellant took no exceptions to the instructions of the court. It is true that in one instance the trial judge became somewhat impatient after a rather extended colloquy between court and counsel, and thus expressed his displeasure:

> "THE COURT: Wait a minute now. You (referring to Webb) address your remarks to me. *You will be sorry if you overstep the rules.* Answer the question (referring to witness, plaintiff Kinney). The objection is overruled." (Italics ours.)

Certainly this assignment affords no ground for reversing the judgment.

It is urged that the court erred in admitting in evidence a check of the plaintiff Kinney to the Fern Ridge Lumber Company in the amount of $3,785.57. There is evidence tending to show that the defendant Webb was financially embarrassed at times during the construction of this housing project. Numerous creditors were pressing him for payment for materials and supplies furnished. The Fern Ridge Lumber Company sold and delivered to Webb lumber used in the construction of these houses. This creditor threatened to file a lien. According to the testimony of the plaintiff, Webb induced him to take care of this claim in order to keep the property from being encumbered by a lien. The Fern Ridge Lumber Company, in consideration of the payment of such claim by the plaintiff, sold and transferred its account against the defendant Webb to plaintiff. The check was clearly admissible as evidence of such payment.

We find no other assignment of error that merits attention.

The judgment of the circuit court is affirmed.