Argued May 5, affirmed May 20, petition for rehearing
denied June 17, 1959

# KENNEDY ET AL *v.* COLT

339 P. 2d 450

*Charles R. Cater,* of La Grande, argued the cause and filed a brief for appellant.

*C. Richard Neely,* of La Grande, argued the cause for respondents. With him on the brief were Helm & Neely, La Grande.

Before McAllister, Chief Justice, and Rossman, Lusk, Warner, Perry, Crawford and Millard, Justices.

MILLARD, J. (Pro Tempore)

This is an appeal by defendant from a judgment by the Circuit Court of Union County for $2,050 and costs, based upon a jury verdict in favor of plaintiffs, in an action of indemnity occasioned by the alleged misrepresentation of boundary lines having to do with a sale of timber.

Defendant first assigns as error the action of the trial court in overruling defendant's demurrer to plaintiffs' first amended complaint, in admitting any evidence in support thereof over defendant's objection, and in admitting any evidence in support of plaintiffs' second amended complaint over defendant's objection.

At the outset of the trial, plaintiffs, at the instigation of the court, sought to amend their complaint, the court indicating its consent, and the defendant also obtained consent to the amendment of her answer without objection by adding a defense. Early in the trial these amendments were made and, as a result, plaintiffs filed a second amended complaint, no error being thereby assigned on account of the allowance thereof. When an amended complaint is filed, the

original ceases to become a part of the pleadings. *Mumper v. Matthes,* 186 Or 357, 364, 206 P2d 86. Since the case was tried on the allegations of the second amended complaint which superseded the original, the action of the court in overruling defendant's demurrer to the first amended complaint, or in allowing evidence in support thereof, could not be prejudicial, and hence this portion of the assignment of error is without merit. In any event, defendant has, in assigning error with relation to the objection to the admission of evidence in support of either complaint, failed to comply with Rule 16 of this court by setting forth in haec verba the objection made and, hence, we have no way of knowing what the particular objection might be without searching the transcript and, hence, will not be considered here. For the reasons above stated, we find the first assignment without merit.

■ Defendant's next assignment of error is in two parts. In one portion, defendant assigns as error the denial by the trial court of defendant's motion for a directed verdict at the close of the evidence, stating that when the motion was made it was filed in writing as a part of defendant's instructions and supported by citation of authority, which citations were based upon the grounds set forth in a motion for nonsuit. The instruction is not set forth in haec verba as required by Rule 16 of this court, nor is it even pointed out in the transcript where it may be found, and for that reason this portion of the assignment will not be considered here. Even if we assume, however, that the grounds of the motion for directed verdict were the same as the motion for nonsuit, the result would be the same, as we shall next point out.

The other portion assigns as error the denial by the court of defendant's motion for involuntary non-

suit on the grounds, first, that the complaint upon which the case was tried failed to state facts sufficient to constitute a cause of action in indemnity; second, that the evidence specifically failed to show fraudulent misrepresentation as to the boundary lines in question; third, that plaintiffs had a fair chance to know what they were buying and were not prevented from doing so, being furnished with a legal description; fourth, that parol evidence was offered to vary or alter the terms of the written agreement between the parties; and fifth, that, since timber is an interest in realty, it could only be transferred by written agreement and, hence, plaintiffs were relying on an oral agreement, void under our statute of frauds.

With relation to the first part of defendant's motion, it appears that the second amended complaint alleges, in substance, that on or about June 18, 1948, plaintiffs entered into a contract for the purchase of timber on a ten-acre tract belonging to defendant, described as the east one-half of the east one-half of the southwest quarter of the northeast quarter of Section 14, Township 1 North, Range 38 EWM, and that subsequently plaintiffs, by oral contract, purchased an estimated ten-acre tract lying immediately west of the original ten-acre tract and commenced to log all of said property. This allegation was admitted by defendant, and at the trial there was never, as a matter of fact, any real question as to the purchase of both tracts by plaintiffs from defendant; in fact, defendant concedes in her brief that she owned both tracts.

It is next alleged that defendant and her agent, Sid Vaden, took plaintiffs to the property of the defendant and showed them the lines of her property as originally purchased by plaintiffs and the lines of

the additional ten-acre tract purchased by plaintiffs, and on different occasions defendant and her agent represented to plaintiffs the lines of her property, and they were to log within said lines and that, relying upon said representations, the plaintiffs commenced logging within said area and paid defendant for the logs cut; that subsequent thereto claims were made against plaintiffs for logging timber from lands of third parties and plaintiffs advised defendant that inasmuch as she had instructed plaintiffs as to the location of her property lines they would hold her responsible, and defendant refused to settle said claims; that in April, 1954, Ida A. Mast filed a trespass action against plaintiffs, and the defense of the action was tendered to defendant and she refused said defense, and that it was necessary that plaintiffs defend; that Ida Mast offered to settle but defendant refused; that the action by Ida Mast against plaintiffs was tried and resulted in a verdict in her favor against plaintiffs in the sum of $2,913.12 and $67.33 costs; that plaintiffs were required to employ an attorney for the defense of said action and pay $700 as fee; that plaintiffs had been damaged in the sum of $2,913.12, costs in the sum of $67.33, and attorney's fees in the sum of $700, all as a direct result of the representations of defendant; that the damage sustained by plaintiffs was the direct and proximate result of plaintiffs logging within the area designated by defendant and the representation of defendant as to boundary lines as before alleged. Following that, plaintiffs pray for judgment for $3,680.45 and costs. .

Defendant argues that such complaint does not state a cause of action for indemnity since indemnity arises out of contract, express or implied, and then only when there is a primary and secondary liability

and the one seeking indemnity was, as to the injured third party, guilty of only constructive or passive wrong and the one against whom indemnity is sought was the active wrongdoer. Defendant further says there is no indemnity between joint tort feasors in favor of the primary wrongdoer.

■ We agree that indemnity arises out of contract, express or implied. Since there is no claim of an express contract in this case, plaintiffs must rest their case on the theory of implied contract. We further agree that where parties are "in pari delicto," indemnity will not lie. As between other wrongdoers, we are of the opinion that, whether or not indemnity will lie, depends, not so much as to who was primarily or secondarily liable, as to who was primarily and secondarily responsible for the wrongful act.

"* * * 'Our law, however, does not in every case disallow an action by one wrongdoer against another to recover damages incurred in consequence of their joint offense. The rule is, "in pari delicto potior est conditio defendentis." If the parties are not equally criminal, the principal delinquent may be held responsible to his codelinquent for damages incurred by their joint offense. In respect to offenses in which is involved any moral delinquency or turpitude, all parties are deemed equally guilty, and courts will not inquire into their relative guilt. But where the offense is merely malum prohibitum, and is in no respect immoral, it is not against the policy of the law to inquire into the relative delinquency of the parties, and to administer justice between them, although both parties are wrongdoers. * * *.' " *Lowell v. Boston & L. R. Corp.,* 23 Pick (Mass) 24, 34 Am Dec 33; 38 ALR 566, 567.

■ Since there is no real claim made here that plaintiffs deliberately trespassed, what then are the legal

tests for determining whether or not a contract of indemnity will be implied?

> "Where a person carefully and in good faith does an act which is not apparently illegal, at the request or under the express directions of another person, and such act causes an injury to the rights of third persons, an implied contract arises on the part of the person for whom the act is done, and who is primarily liable therefor, to indemnify the person doing the act against the natural consequences thereof." 42 CJS 595, Indemnity, Sec 19, and cases cited.

See, also, Restatement of the Law, Restitution, 398, Sec 90; *Astoria v. Astoria & Columbia River R. Co.,* 67 Or 538, 547, 136 P 645; 38 ALR 566.

> "* * * But the operation of this rule against recourse is greatly circumscribed, with the result that one constructively liable for a tort is generally held entitled to indemnity from the actual wrongdoer, regardless of whether liability is imposed on the person seeking indemnity by statute or by rule of the common law, and irrespective of the existence of an express contract to indemnify. * * *" 27 Am Jur 467, Indemnity, Sec 18.

■ Tested by these rules, it appears that plaintiffs cut timber on the lands of a third person as a result of express direction of defendant as to where to log on what was shown by her or her agent as her own land, and upon which direction plaintiffs relied to their damage. Further, there is no evidence that plaintiffs were not careful in following directions as to cutting beyond the boundaries shown them. Defendant argues that allegations referring to proximate cause were insufficient in stating a mere conclusion of law. Plaintiffs' allegation not only alleges direct and proximate result, but also further alleges facts showing why

this was so. Thus it appears from the second amended complaint that defendant was primarily responsible for the trespass by plaintiffs and thus constructively liable for it.

The pleading correctly advised defendant of plaintiffs' theory, and we do not think defendant or her counsel was misled thereby.

Defendant further argues that all the elements of fraud are not alleged. While this is evident, plaintiffs base their action in indemnity and, hence, are not required to allege fraud in addition to showing their right to indemnity. We hold the second amended complaint did state an action for indemnity and, hence, the assignment that said pleading did not state a cause of action is without merit.

■ We now turn to the point argued by defendant to the effect that the evidence fails to sustain the allegations of the complaint in that it specifically fails to show any fraudulent misrepresentations as to the boundary lines of the tract in question. We have already called attention to the fact that plaintiffs do not base their claim on fraud. Nor is fraud alleged. There was ample evidence to go to the jury on the question of misrepresentation of boundary lines. Defendant's tract of land lies adjacent to the Mast tract, the west boundary of defendant's land connecting with the east boundary of the Mast tract, the long way of both tracts being in a north and south direction. There was a road going in a northerly and southerly direction about the middle of the Mast tract. Most of the timber in question was located to the east of this road on the Mast property, bounded on the east by defendant's west boundary.

There was direct testimony on the part of plaintiffs that defendant pointed out her boundary line in

question as located about 15 feet from this road and, further, that the lines were shown to them by Sid Vaden, who was appointed by defendant for that purpose. Further, it appears that defendant was acquainted with the southeast corner of her land. On cross-examination defendant testified, in part, as follows:

"Q Just a moment. Now, do you recall testifying, Mr. Martin again asking you the question: 'But in this area you didn't go any place else with them? Answer: No, but I was there, around here and there all the time, but that—halfway between that fence and that tree, you see, would be the description, would be pretty close to the road. It's just a wood road, you know; that's pretty close to the line, and they knew to stay above that and I think they did.' Do you recall that?

"A Well, that's right—the south end of it.

"* * *

"Q And then you testified in that case that this road is halfway between Mrs. Mast's southwest corner and your southeast corner, is that correct?

"A No, it isn't halfway.

"Q Well, now you can see that it isn't halfway, but at that time you thought it was?

"A I said 'near.' Didn't I say 'near'?

"Q You said 'near.' What do you mean by 'near'?

"A Well, two or three hundred feet would be near, wouldn't it?

"* * *

"Q The question was: 'Question: Where is the road that you are referring to? Answer: Oh, it just goes back to the Fisher 40. Question: Now, whereabouts is it between your property and Mrs. ————? Answer: And Mrs. Mast's? It's pretty well through the center. Question: We'll mark that with a C. Now, the road runs from the south

boundary line? Answer: Somewhere up in above, farther south of the line, somewhere in under that 40. Question: Up to the northerly portion of that 40, is that right? Answer: Yes, and they knew to stay above that because that's pretty close to the line.'"

With relation to this same question, in addition to plaintiffs' testimony, plaintiffs' witness, Carl E. Tracy, testified as follows:

"Q Now, first, let me ask you: What did they show you as being the west line of their property?
"A This is what they showed to be the west line of the property, right here.
"Q The west line?
"A Oh, the west line? They showed us the west line was right through here, just above this old road here about 15, 16 feet."

Under the circumstances, there was sufficient evidence to go to the jury on this point, and hence there is no merit in this ground of motion for nonsuit. Defendant claims this representation is not connected up by the allegations of plaintiffs' complaint. In their last allegation plaintiffs allege that their damage resulted from "Plaintiffs logging within the area designated by Defendant and the representations of Defendant as to boundary lines all as hereinabove alleged."

■ Defendant, on another ground of nonsuit, argues in effect that, since plaintiffs were furnished with a legal description, they were under a duty to ascertain the boundaries from such description, regardless of what defendant might have told them, and as authority therefor cites *Shappirio v. Goldberg,* 24 SCt 259, 261. In that case, the purchaser, through his own agent, undertook an independent examination of the title, and

a casual inspection of a recorded plat would have disclosed the defect. In this case, according to plaintiffs' testimony, defendant personally and through her agent actually showed plaintiffs the location of the boundary line in question. It was possible to infer that by reason thereof plaintiffs were induced to forego further investigation. In any event, that issue was raised by defendant's answer, and an inspection reveals that this issue was properly submitted to the jury under appropriate instructions. Since, on a motion for nonsuit, we are required to view the evidence in the light most favorable to plaintiffs, we find this portion of the assignment of error without merit.

■ Next, defendant argues that the evidence offered by plaintiffs was incompetent and ineffective to vary or alter the written agreement between the parties. Defendant misconceives the obvious purpose of this testimony. Plaintiffs were not attempting to show that the line shown them was the boundary line, but that, in fact, it was not. Otherwise parol evidence is admissible to show the true location of a boundary line on the theory that such evidence is always admissible to apply a writing to its subject. 8 Am Jur 812, Boundaries, Sec 94.

*Webster et ux v. Harris,* 189 Or 671, 22 P2d 644, cited by defendant, is not in point. There, in an action for breach of contract for sale of logs, a party was seeking to vary the terms of a written contract by an alleged oral agreement. No such contention is made in this case. Plaintiffs are seeking to establish an implied contract of indemnity and in doing so recognize the validity of the actual agreement between the parties. Hence, we find this portion of the assignment without merit.

■ Defendant finally argues that the motion for

nonsuit should have been allowed on the theory that plaintiffs' evidence in attempting to show an oral sale of realty and, hence, is void under ORS 41.850 (Statute of Frauds). First, it is conceded in defendant's brief that the contract was orally amended to include an additional ten-acre tract which was owned by defendant, and the land was correctly described in the original contract and the amendment. Hence, defendant's objection must be directed to the evidence concerning the timber area not included and which plaintiffs say was misrepresented as being within the correct boundaries. Here, again, plaintiffs are not claiming a sale as to this area but, in fact, are claiming on a directly contrary theory. We find this objection without merit and therefore find the trial court did not err in denying the motion for nonsuit.

The next assignment of error has to do with the court's failure to allow defendant to amend her answer prior to trial so as to add three affirmative defenses. Defendant filed her motion three days before the trial commenced and then presented the motion to the court on the day of the trial and immediately prior thereto. In denying the motion, the court properly observed that the allowance would raise three new issues which were likely to have been within the knowledge of defendant some time prior to filing their motion. The permission to file an amended answer after the time for answering has expired is largely within the discretion of the trial court and dependent upon the facts and circumstances of each case. *Schamoni v. Semler,* 147 Or 353, 355, 356, 31 P2d 776. See, also, *Davis v. Springer,* 128 Or 582, 587, 275 P 600.

In *Kinney v. Snyder and Webb,* 184 Or 418, 422, 198 P2d 983, this court points out the consequences of waiting until the day of trial to amend an answer

so as to present new defenses which were known to the defendant a considerable time prior to the trial, resulting in affirmance of the trial court's ruling denying such amendment.

■ We have read defendant's citations to the effect that the trial court should be liberal in permitting amendments, particularly with regard to defenses contained in the defendant's answer, since nonsuit is not there available to him. That does not mean, however, that defendant must not exercise due diligence. In the instant case, no affidavit was filed or reason given for the delay. An inspection indicates that these purported defenses, consisting of custom and usage, lack of due care, and provisions of the contract itself, must have been known to defendant for some itme. We, therefore, hold that the trial court did not abuse its discretion in disallowing the motion to amend. In any event, the court did eventually allow defendant to amend so as to submit one defense similar to the defense not allowed, presenting the issue of lack of due care for their own safety on the part of plaintiffs on the theory that such defense did not take plaintiffs by surprise.

Defendant cites *Alery v. Alery,* 193 Or 336, 342, 238 P2d 771, for the proposition that the court, having permitted plaintiffs to amend, should also have permitted defendant to amend. In that case, this court stated that both parties were in the same relative position. That is not true here. Plaintiffs were only amending their present cause of action, while defendant was seeking to inject completely new issues. We find no merit in this assignment of error.

Defendant, by her next assignment of error, asserts that the court erred in overruling her objection to the admission of parol evidence offered by plain-

tiffs to show that the timber sold them was on a different tract than that described in the written contract, since the parol evidence rule and the Statute of Frauds were thereby violated. We have already discussed these contentions and, for the reasons heretofore given, find no merit in this assignment.

It follows that, as a result of the foregoing, the judgment is in all things hereby affirmed.