Argued March 9, affirmed April 4, 1962

BAKER *v.* BROOKMEAD DAIRY, INC. ET AL

370 P. 2d 235

*Edward V. O'Reilly,* Eugene, argued the cause for appellants. On the briefs were Thwing, Jaqua & O'Reilly, Eugene.

*Philip A. Levin,* Portland, argued the cause for respondent. On the brief were Pozzi, Levin & Wilson, Portland.

Before McAllister, Chief Justice, and Rossman, Perry and Goodwin, Justices.

PER CURIAM.

Defendants appeal from a judgment for plaintiff for damages for personal injuries suffered in an auto accident. Defendants assign error to an order which denied them leave to file an amended answer.

A dairy truck and a Weyerhaeuser Company crew bus driven by plaintiff collided at the scene of a rock slide on Highway 241 in Coos County. During the taking of a deposition approximately two weeks prior to trial, counsel for the defendants discovered that plaintiff had entered into some kind of an agreement concerning any rights he might have against his employer. Defendants thereupon prepared and served a motion for an order permitting them to amend their answer in order to assert the settlement agreement as a defense. The amended answer also would seek to reduce any judgment against the defendants by the amount paid plaintiff by his employer.

The motion was not received by the circuit court until after close of office hours the Friday before the trial, which was set for the following Tuesday. Two circuit judges share the duties of the judicial district. The motion was delivered to one judge on Monday, but, as he was not planning to try the case, he declined to act upon the motion. The motion was delivered to the judge to whom the case had been assigned for trial on Tuesday morning, a few minutes before trial. The motion was not supported by an affidavit showing the cause for its late presentation. After informal discussion between the bench and counsel, the motion was denied and the case proceeded to trial.

After trial and at close of the argument, defendants moved for a new trial upon the ground, among others, that the court erred when it denied leave to file an amended answer. A transcript of the argument on the motion for new trial reveals that the court's reasons for denying the motion for leave to file the amended pleading included the delay in requesting such permission, the failure to show reasonable cause for the delay, and the belief that the tendered pleading did not allege facts sufficient to constitute a defense, either in bar or in mitigation of damages.

■ Defendants assert that the trial judge erred in considering the legal sufficiency of the proposed amendment at the time he was considering the motion for leave to amend. If doubt as to the merits of the defense were the sole reason for the trial court's ruling, it would be necessary to consider the questions raised thereby. *Perdue v. Pac. Tel. & Tel. Co.,* 213 Or 596, 326 P2d 1026 (1958). However, under ORS 16.390 and the numerous decisions construing the statute, the allowing or denying of a motion to amend a pleading before trial is entirely within the discretion of the trial court and will be reviewed by this court only for abuse of such discretion. *Miller Lumber Corp. v. Miller,* 225 Or 427, 357 P2d 503 (1961); *Elliott v. Mosgrove,* 162 Or 507, 535, 91 P2d 852, 92 P2d 1070 (1939); *Garrison v. Goodale,* 23 Or 307, 31 P 709 (1892); *Henderson v. Morris,* 5 Or 24 (1873).

The transcript in the case at bar reveals that while considerable attention was given by the trial court to the substance of the amendment, the trial court also weighed the circumstances of the delayed tender and the defendants' failure to support their motion with an affidavit in explanation of such delay. In *Garrison v. Goodale,* supra, the court said the right to amend

is not an absolute, unconditional one, but is to be allowed in furtherance of justice under sound discretion, and where there is no affidavit setting forth the reason for delay when a motion to amend is tendered late the court has not abused its discretion in denying the right to amend.

In the more recent case of *Schamoni v. Semler,* 147 Or 353, 31 P2d 776 (1934), the trial court also denied permission to amend an answer so as to set up the defense of a release executed by plaintiff. As in the case at bar, the amendment was tendered the morning of the trial without the offer of an excuse for the delay. On review, this court found that the trial judge had not abused his discretion in denying leave to amend. See also *Kinney v. Snyder and Webb,* 184 Or 418, 422, 198 P2d 983. Leave to amend is not a short cut to a continuance.

■ We conclude that since there was in the case at bar an exercise of discretion by the trial judge on the basis of timeliness, and since there was no showing of an excuse for the delay on the part of defendants, there was no abuse of discretion in denying the motion to amend. *Kennedy et al v. Colt,* 216 Or 647, 659, 339 P2d 450. A number of discretionary considerations which may properly occur to the trial court on the day of trial may or may not produce the same reaction in the minds of appellate judges. A difference of opinion, where it may exist, does not necessarily mean there has been an abuse of discretion. Whatever consideration the trial court may have given to the sufficiency of the pleading on its merits was immaterial at the time the pleading was tendered, and we decline to express an opinion thereon. Where there is a valid reason to support a discretionary ruling by a trial judge, we do not comb the record to see if he

may have entertained at the same time some erroneous view of the law. A discretionary ruling will be sustained if it is correct upon any ground.

Respondent has asked this court to impose the penalty provided by ORS 19.160 for the taking of a frivolous appeal. While we believe ORS 19.160 should not be allowed to fall into disuse, this is not such a groundless appeal as to invoke the penalty.

Affirmed.