LEONARD J. BARIBAULT ET AL. *v.* VINCENT A. MILLER
ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV‾17-612-136-M

Argued May 11—decided July 23, 1962

*Joseph J. Phelan,* with whom was *Vincent A. Miller,* both of Waterbury, for the appellant (named defendant).

*Howard R. Steeg,* of Bristol, for the appellees (plaintiffs).

*Emil A. Petke,* of Terryville, for the appellees (defendants Siemiatkaska and Warkowski).

JACOBS, J. This is a suit to recover surveying and engineering fees. The trial court rendered judgment for the plaintiffs against the defendant Miller only and in favor of the other defendants. Miller has appealed.

The finding, which contains nineteen short paragraphs, discloses the following facts: In January, 1959, Miller was the owner of a tract of land in Waterbury. He, together with the other defendants, planned to form a corporation for the purpose of developing the land and, with this objective in mind, engaged Conrod, an associate and employee of Baribault Engineering Associates, to perform the necessary engineering and surveying services on the land. Conrod, with the assistance of six associate engineers, made drainage and seepage tests and prepared maps. They spent sixteen days in the field to complete the required work. The maps were approved by the town engineer. For all of the services rendered, Conrod submitted a bill for $1100 which Miller approved and agreed to pay when funds became available. Sufficient funds did in fact become available when Siemiatkaska, one of the defendants, turned over to Miller the sum of $2000. The trial court specifically found that "Conrod was engaged by Miller, and Miller agreed to take care of all bills for engineering services." Upon these facts, the court concluded that Miller engaged the plaintiffs, that they performed the required services, that these services were satisfactory, and that the plaintiffs were entitled to $750 as reasonable compensation for them.

The defendant has filed seventeen assignments of error and in addition thereto a so-called supplementary assignment of error. "The assignments of error ... run the full gamut." *Krupa* v. *Farmington River Power Co.*, 147 Conn. 153, 156. They include (1) the right of the plaintiffs to bring this action; (2) finding the reasonable value of the services rendered; (3) the conduct of the trial court; (4) the trial court's denial of the motion to reopen the judgment; (5) the refusal to find all of the paragraphs of the draft finding; (6) the denial of the motion for

permission to file a special defense; (7) certain rulings on evidence; and (8) the conclusions reached by the trial court. "Such a wholesale attack upon the finding is rarely productive of beneficial results. It has been criticized repeatedly, but some counsel persist in the practice. *Bent* v. *Torrell,* 139 Conn. 744, 777, . . . and cases cited. The skilled hunter prefers the rifle to the blunderbuss." *Murphy, J.,* in *Krupa* v. *Farmington River Power Co.,* supra, 157.

As to the first ten assignments of error, the defendant states in his brief: "The first ten assignments of error are self-explanatory," and nothing more. "Mere assertion of error in general terms or an abstract statement of a proposition of law is insufficient, as is also a blanket or omnibus statement of errors, or one which is indefinite and uncertain." 5 C.J.S. 291. The court will not consider a large number of assignments of error en masse. Where, for example, an appellant in her brief, stated, "The appellant pursues all the assignments of error whether or not the same are argued orally or mentioned in the brief, and abandons none," our Supreme Court said, "Even if these other assignments were of consequence . . . we would disregard them. It should be clearly understood that the language quoted cannot entitle the plaintiff to have them considered." *Thomas* v. *Ganezer,* 137 Conn. 415, 423. In *Tseka* v. *Scher,* 135 Conn. 400, the appellant in her brief stated that in support of five specified "assignments of error the appellant cites the entire record and all of the pleadings and exhibits." The court ruled (p. 401): "A statement of this kind is tantamount to an abandonment of the designated assignments of error, and they are not considered." A broad statement in the brief "that an examination of the record will indicate the errors" is improper. "No duty is imposed upon this court to search the record for support for the defendant's claim for ad-

ditional findings. . . . The appellant's brief should specifically set forth the claims and reasons upon which he relies." *Missionary Society* v. *Coutu,* 134 Conn. 576, 577. We regard the first ten assignments of error as having been abandoned. *Somers* v. *Hill,* 143 Conn. 476, 480; Maltbie, Conn. App. Proc. § 327.

Of his next assignment of error, the defendant Miller, in his brief, says: "The eleventh assignment of errors concerns information which the defendant was prepared, and still is in this Appellate Court, to show by affidavit and/or certified copies of State documents to be true. The Court, however, denied him the opportunity to do so." What the defendant is really asking us to do is to retry the issues of fact. This we cannot do. *Bell* v. *Strong,* 96 Conn. 12, 13. The twelfth and fourteenth assignments of error are no better. It is within the province only of the trial court to determine, on conflicting evidence, what the facts were.

The thirteenth assignment of error concerns the denial of the motion for permission to file a special defense. The action was made returnable to the City Court of Bristol on the third Tuesday of October, 1960. The defendant Miller, a member of the bar, appeared originally pro se. On December 9, 1960, he filed an answer which in effect was a general denial. On the second day of the trial, which was June 21, 1962, he sought permission to file a special defense, challenging, for the first time, the right of the plaintiffs to bring this action. The proposed amendment was denied. The Supreme Court of Errors has taken the position that " '[a]n amendment of the pleadings, when the case is on trial, and the evidence partly in, is never a matter of absolute right.' Much must necessarily be left to the sound discretion of the court and its action is reviewable only in the case of abuse." *Clayton* v. *Clayton,* 115 Conn. 683, 686, quoted with approval in *Beauton* v.

*Connecticut Light & Power Co.*, 125 Conn. 76, 80. We cannot say that the trial court abused its discretion in refusing to allow Miller to file an amendment at that stage of the trial.

The fifteenth and sixteenth assignments of error were not touched on or discussed in the defendant's brief or in oral argument and are treated as abandoned. *Floyd* v. *Fruit Industries, Inc.*, 144 Conn. 659, 668.

The final assignment of error relates to the conduct of the court throughout the entire trial. "An assignment as to misconduct of . . . court or other error in the conduct of the trial should point out specifically of what the alleged misconduct or error consists, and not set forth appellant's conclusions about the conduct of the court." 5 C.J.S. 115. The defendant should have set forth what the court said or did that was prejudicial, not his conclusions about the conduct of the court. *Kinney* v. *Snyder*, 184 Ore. 418, 422. We have reviewed the record. This assignment affords no ground for reversing the judgment.

There is no error.

In this opinion KINMONTH and GEORGE, Js., concurred.