Argued and submitted July 25, reversed and remanded October 22, 1997

Kenneth H. SMITH,
*Plaintiff,*

*v.*

Dorothy L. URICH, individually;
Dorothy L. Urich, udt as trustee of the
Dorothy L. Urich Trust;
and Corner Drug, Inc.,
*Defendants.*

CORNER DRUG, INC.,
*Cross-claim Plaintiff - Respondent,*

*v.*

Dorothy L. URICH, individually;
and Dorothy L. Urich, udt as trustee of the
Dorothy L. Urich Trust,
*Cross-claim Defendants - Appellants.*

(95-CV-0342; CA A95143)

947 P2d 1125

Stephen E. Lawrence argued the cause and filed the briefs for appellants.

Peter R. Chamberlain argued the cause for respondent. With him on the brief was Bodyfelt Mount Stroup & Chamberlain.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Urich,[1] a codefendant in this claim for negligence, appeals from the grant of third-party plaintiff Corner Drug's motion for summary judgment on its cross-claim for indemnity. ORCP 47. We reverse.

Urich is the owner of real property. Corner Drug leased the property from Urich and operated a business that was open to the public. Smith, Corner Drug's business invitee, filed an action against both Urich and Corner Drug in which he alleged that he had sustained personal injuries when he tripped on a defect in the sidewalk outside the business and that all defendants were negligent. Corner Drug answered the complaint and filed a cross-claim against Urich in which it alleged:

"4.

"That defendant Corner Drug occupied the premises owned by defendant Urich pursuant to the terms of a lease * * *.

"5.

"Pursuant to the terms of the lease between defendant Corner Drug and defendant Urich, Section 4, defendant Urich expressly agreed to maintain the sidewalks on the premises leased to defendant Corner Drug.

"6.

"That plaintiff's complaint alleges his injury occurred as a result of a defect in the sidewalk, and that as between defendant Urich and defendant Corner Drug, defendant Urich is primarily liable due to her express assumption of the duty to maintain the sidewalk. Should judgment be rendered against defendant Corner Drug, said defendant is entitled to indemnity from defendant Urich for any amount it is obligated to pay."

---

[1] The defendants are Dorothy L. Urich individually, Dorothy L. Urich as trustee of the Dorothy L. Urich Trust, and Corner Drug, Inc. For purposes of this opinion, we refer to the Urich defendants as "Urich" and to Corner Drug, Inc., as Corner Drug.

In her answer to the cross-claim, Urich admitted paragraphs 4 and 5 but denied paragraph 6.

Corner Drug moved for partial summary judgment on the cross-claim, and in its motion stated:

> "Although there was a lease between the defendants, no written provision was made for indemnifying [Corner Drug] for any failure by [Urich] to comply with the terms of the lease."

In other words, Corner Drug conceded, for purposes of its motion, that the provision in its lease with Urich did not operate as a contract of indemnity. Nonetheless, Corner Drug asserted that partial summary judgment was appropriate

> "on the grounds that it [was] entitled to *common law indemnity* from codefendant Urich for any judgment rendered against Corner Drug in this case and for Corner Drug's defense costs." (Emphasis supplied.)

As evidence in support of its motion, Corner Drug offered the affidavit of its president and a copy of its lease with Urich. Urich offered no evidence but opposed the motion on the ground that there were "genuine issues as to material facts regarding responsibility, as between [Urich and Corner Drugs], for the injuries of plaintiff."

The trial court granted Corner Drug's motion for partial summary judgment and entered an order to that effect. Thereafter, a settlement was reached with Smith. As a result, Smith's claims against Corner Drug and Urich were dismissed with prejudice, and the trial court entered judgment in favor of Corner Drug on its cross-claim for indemnity. Urich appeals and assigns error on the ground that "the trial court erred when it determined that Defendant Corner Drug was entitled to common law indemnity and costs of defense as against Defendant Urich."[2]

■ Summary judgment is appropriate under ORCP 47(C) if there is no genuine issue of material fact and the

---

[2] At the time of the hearing on the motion, no liability on the part of any of the defendants had been established. Nevertheless, Corner Drug argued that the trial court could rule prospectively on its indemnity claim, "with a damages determination to be made at the termination of the case." For that reason, we do not treat the claim as solely a claim for indemnity for the expense of defending Smith's action.

moving party is entitled to judgment as a matter of law. ORCP 47(C) further provides, in part:

"No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."

In order for Corner Drug to prevail on its motion, the summary judgment record before the trial court must contain some evidence in support of each element of a common-law indemnity claim, and there must be no triable issue for the fact finder regarding that evidence. *Seeborg v. General Motors Corporation*, 284 Or 695, 700, 588 P2d 1100 (1978). In an action for common-law indemnity, the plaintiff must plead and prove:

"1) [A] third party made a claim against him; 2) he reasonably incurred costs in defending or satisfying the claim; and 3) as between the plaintiff and the defendant, the costs incurred ought to be borne by the latter." *State v. Dept. of Trans. v. Scott*, 59 Or App 25, 29, 650 P2d 158 (1982).

Thus, the issue, as framed by the parties, is whether Corner Drug has met its burden of proving that no triable issue exists with respect to the third element of a common-law indemnity claim, *i.e.*, whether as between Corner Drug and Urich, Urich ought to bear the costs of defense, as well as any potential liability.

In its brief to this court, Corner Drug relies on *Kennedy v. Colt*, 216 Or 647, 653, 339 P2d 450 (1959), in which the Supreme Court stated:

"[W]hether or not indemnity will lie, depends, not so much as to who was primarily or secondarily liable, as to who was primarily and secondarily *responsible for the wrongful act*." (Emphasis supplied.)

According to Corner Drug's theory of the case, Urich was primarily responsible for maintaining the sidewalk as a result of the lease provision between Urich and Corner Drug. Urich does not challenge that she agreed to maintain the sidewalk under the lease. However, the pivotal question is not who was contractually responsible for maintaining the sidewalk.

Rather, the question is, assuming that negligence is demonstrated, whether Urich was primarily responsible. Thus, to prevail on its motion, Corner Drug must offer some evidence that there was a defect in the sidewalk, that Urich was negligent in respect to the defect that caused Smith's injury and that Corner Drug was not itself actually negligent in ways that preclude common-law indemnity.

In addition to the lease agreement, Corner Drug offered the affidavit of its president, in which he averred:

"Plaintiff has alleged that he fell on a sidewalk outside of the Corner Drug store. At the time of plaintiff's accident, Corner Drug leased the building where the store was located from Dorothy Urich. Attached to my affidavit is a copy of the lease agreement between Corner Drug, Inc. and Dorothy Urich in effect at the time of plaintiff's accident.

"Corner Drug, Inc. has been sued by Kenneth H. Smith. Mr. Smith claims that he sustained injuries as a result of a defect in the sidewalk outside the Corner Drug, Inc. store. As a result of Mr. Smith's lawsuit, attorneys have been retained to defend against Mr. Smith's claims and attorney fees and costs have been incurred in defense of Mr. Smith's lawsuit."

In her memorandum in response to the motion for summary judgment, Urich argued to the trial court that:

"In this case, there is no evidence presented in the Motion to prove when the defect in the sidewalk occurred, that it was a condition that would create an unreasonable risk of harm to the invitee, or that the alleged defect actually caused plaintiff's fall or injuries.

"* * * * *

"What evidence is presented in Corner Drug's Motion to resolve any of these questions?

"The answers to the above questions are alleged nowhere nor are they established through affidavit, depositions or facts submitted to [the trial] court."

We agree that Corner Drug offered no evidence to establish that there was a defect in the sidewalk or that either party committed a wrongful act or omission regarding a defect. The lease provision on which Corner Drug relies

merely allocates responsibility on the part of Urich to maintain the sidewalk. The mere recitation in the affidavit that Smith *alleged in his complaint* that there was a defect in the sidewalk and that *he claimed* that the defect caused his injuries is not evidence that the defect existed or that it caused Smith's injuries. Therefore, there is no evidence in the summary judgment record to establish that a negligent act or omission occurred, much less that Urich committed it. It necessarily follows that a trier of fact could not find on this record that Urich was primarily responsible for negligence that resulted in Smith's injuries. The trial court erred by granting Corner Drug's motion.

Reversed and remanded.